## SEIM v. KRAUSE.

1. Error in overruling a motion to direct a verdict for defendant, or to dismiss, at the close of plaintiff's case is waived where defendant fails to renew the motion after all the evidence has been presented.

2. Comp. Laws, § 3582, providing that "every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals * * * is void," does not render invalid a provision in a building contract that the amount to be added to or deducted from the contract price on account of any alterations shall be determined by the architect.

3. Under a provision in a building contract that the value of any alterations made as therein provided shall be appraised by the architect, and be added to or deducted from the contract price, the determination of the architect as to the value of such alterations is conclusive on the. parties in the absence of fraud or collusion.

4. Under Comp. Laws, §§ 3580, 3581, which provide that every contract by which the amount of damages to be paid or other compensation to be made for a breach of an obligation is determined in anticipation thereof, is to that extent void, except when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage, a provision of a contract for the building of an ordinary residence that, in case the building shall not be completed by a date fixed, the contractor shall forfeit and pay the sum of $10 per day for the time thereafter required to complete it, is void, unless unusual circumstances justifying it are shown; - and the measure of damages for a delay in completing the building beyond the time fixed by the contract is its reasonable rental value during such time.

5. A bill of particulars required from a plaintiff, and served by him, is not admissible as evidence in support of his cause of action.

(Opinion filed August, 29 1900.)

Appeal from circuit court, Lawrence county. Hon. A. J, PLOWMAN, Judge.

Action by Olaf Seim against Charles H. Krause. Judgment for plaintiff, and defendant appeals. Reversed.

The facts are stated in the opinion.

*Frawley & Laffey,* for appellant.

When parties capable of contracting have deliberately entered into a written agreement in which by all just rules of construction, the certificate of the architect is made a condition precedent to a right of action, such condition must be performed or its requirements waived. Hanley v. Walker, 45 N. W. 57; Moran v. Schmidt, 67 N. W. 323; City v. Limerick, 40 S. W. 254; Gilmore v. Courtney, 41 N. E. 1023; Elliott v. Railroad, 74 Fed, 708; Kehlberg v. U. S., 97 U. S. 398; Sweeney v. U. S. 109 U, S. 618; Railroad v. March, 114 U. S. 549; Railroad v. Price, 138 U. S. 185; Northern v. Kennedy, 73 N. W. 524.

*Rice & Polley,* for respondent.

Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordi ary tribunals, or which limits the time within which he may thus enforce his rights is void. § 3582 Comp. Laws; Ins. Co. v. Ins. Co., 45 N. W. 703; Johnson v. Ins. Co., 45 N. W. 802; Kirby v. Telegraph, 55 N. W. 764.

HANEY, J. It is alleged in the complaint that plaintiff and defendant entered into a written contract by the terms of which plaintiff was to construct a dwelling for defendant according to certain plans and specifications, made a part of the contract, for the agreed price of $2,298; that under the provisions of the contract defendant ordered certain changes in the construction of the building, which were made, and the building was completed

in accordance therewith; that the agreed price for the changes so made raised the price for constructing the building to the sum of $2,555.15; that defendant has paid $1,000, leaving a balance due the plaintiff of $1,555.15. Defendant admits the execution of the contract, admits the payment of $1,000, but alleges several particulars, to be hereafter considered, wherein the plaintiff failed to comply with the terms of the contract. The verdict was for $1,475.15 and interest thereon in the sum of $109.60, making in all $1,584.75. Defendant's application for a new trial was denied, and he appealed.

The contract contains this provision: ''For and in consideration of the faithful performance of this contract on the part of the said Olaf Seim, and of the completion of said building by him, according to the plans and specifications, the said Charles Krause hereby covenants, promises and agrees to pay or cause to be paid to the said Olaf Seim, or to his legal representatives, the sum of two thousand two hundred and ninety-eight ($2,298.00) dollars, first payment of $500.00 to be made when the frame is completed; second payment, $500,00, when the roof and siding are on; third payment, $500, when the plastering is done; and the last payment when the building is completed, and accepted by the superintendent, and the keys turned over to the owner, and his acceptance thereof, with all bills receipted for all labor and material used in and about the erection and completion of said building.'' It is alleged in the answer that a large number of bills for material contracted for by plaintiff in constructing the building were due and unpaid when this action was commenced, and plaintiff admitted upon the witness stand that he paid $125 upon such bills three months after the commencement of the action. But whether the action

was prematurely instituted cannot be considered, for the reason that the point is not properly presented by the record. The only allusion to the subject is in the defendant's motion to dismiss the complaint, which was, in effect, a motion to direct a verdict, made at the close of plaintiff's testimony, and which was not renewed at the conclusion of all the evidence. Error in overruling a motion to direct a verdict for defendant at the close of plaintiff's case is waived where defendant fails to renew the motion after all the evidence has been presented. Brace v. Van Eps, 12 S. D. 191, 80 N. W. 197; Haggarty v. Strong, 10 S. D. 585, 74 N. W. 1037. The contract further provides that the defendant "may make any alterations, deviations, additions, or ommissions from the aforesaid plans and specifications, or either of them, which he shall deem proper and the said architect shall advise without affecting or making void this contract; and in all such cases the said architect shall value or appraise such alterations, and add to or deduct from the amount herein agreed to be paid to the said party of the first part the excess or deficiency occasioned by such alterations." Several alterations were made, concerning the value of which the parties failed to agree. Notwithstanding defendant's objections, the court permitted the plaintiff to prove the actual cost of such alterations, and charged the jury that: "The appraisement here provided for in this contract by this architect is not final. The terms of this contract do not make it final, but he should make the appraisal; it was his duty; and in making that appraisal under this contract he should make it at the actual cost or expense that such alterations or modifications absolutely made in the plans or specifications of the original contract, or, rather, of the cost of such changes; and he was bound under

this contract to ascertain that correctly. If he failed to do so, it did not bar either one of these parties in this action from showing to this jury what was the actual cost, if the actual cost differed from the appraisal by the architect." It is contended by defendant that the court erred in holding that the architect's appraisement was not conclusive, while plaintiff contends that the clause of the contract providing for such appraisement is, under the statutes of this state, unlawful and void. The statute relied upon reads as follows: "Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void." Comp. Laws, § 3582. We think these provisions of our Civil Code have no application to the stipulation in question. It was competent for the parties to agree upon the plaintiff's compensation; hence it was competent for them to agree upon a method of ascertaining the value of any deviations from the original plan and specifications. The stipulation does not restrict the enforcement of any right under the contract by the usual legal proceedings in the ordinary tribunals. It merely defines the plaintiff's rights under the contract. According to the terms thereof, the plaintiff is entitled to such compensation for alterations as the architect shall determine, and not the reasonable value thereof, as would be the case in the absence of such stipulation. His rights are established by the contract; the enforcement of such rights being left to the ordinary tribunals. Such stipulations are usual in building contracts, and have been uniformly upheld by the courts. In the absence of fraud or collusion, the appraisement of the architect should

be regarded as conclusive and final as to the value of any alterations made in accordance with the terms of the contract. McGuire v. City of Rapid City, 6 Dak. 346, 43 N. W. 706, 5 L. R. A. 752; Guthat v. Gow (Mich.) 55 N. W. 442; Elliott v. Railway Co., 21 C. C. A. 3, 74 Fed. 707. Although the contract in this case does not provide in express terms that the architect's appraisement shall be final, it is agreed therein that the value of alterations as fixed by him shall be added to or deducted from the amount to be paid to the plaintiff, and he cannot avoid the effect of such agreement without showing the existence of such facts as would relieve him from the obligations of any valid contract. Under the contract the architect was not required to make his appraisement before the alterations were made, We have been unable to discover the existence of any facts in the record before us which would entitle plaintiff to ignore the architects appraisement, and therefore conclude that there was reversible error in not restricting the plaintiff's recovery for alterations to the amounts fixed by the architect's appraisement.

It is also provided in the contract "that, is case the said building shall not be finished and completed by the first day of October, 1896, as agreed on the part of the said Olaf Seim, then the said Olaf Seim shall forfeit and pay to the said Charles Krause the sum of $10 per day for each and every day which shall be required to complete said building after October the first, 1896, and the said amount of such forfeiture shall be deducted by said owner from the amount due said Olaf Seim under this contract; provided, however, that no forfeiture shall accure under this section, if a delay be caused by fire, or such inclement weather so as to absolutely prevent the pro gress of the work." Defendant contends that the court below erred in charging the jury that this part of the contract is

contrary to the statutes of this state, and therefore void. Our Civil Code contains the following provisions: "Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section." Comp. Laws, § 3580. "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damages sustained by a breach thereof, when, from the nature of the case it would be impracticable or extremely difficult to fix the actual damage." *Id.* § 3581. Notwithstanding the use of the word "forfeit," the clause of the contract under discussion should be construed as determining the damage to be paid or compensation to be made for a breach of the obligation to complete the building within the time agreed upon and the contract to that extent is void, unless from the nature of the case it is impracticable, or extremely difficult, to fix the actual damage. Would it be impracticable or extremely difficult to fix the actual damage caused by the plaintiff's failure to complete this building within the stipulated time? For the breach of an obligation arising from contract the measure of damages, except where otherwise expressly provided by the Civil Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin. Comp. Laws, 4581. Our Civil Code does not seem to otherwise expressly provide for the measure of damages in cases of this character. The building provided for in the con-

tract is a two-story dwelling. In the ordinary course of things, a failure to complete it within the time agreed upon would merely deprive the owner of its use for such time as its completion was delayed. No other injury to defendant is alleged in his answer. We think where, as in this case, the structure is an ordinary dwelling, and no unusual circumstances surround, or were contemplated by, the contracting parties, that the measure of damages for a breach of the obligation to complete the same within a stipulated period should be the reasonable rental value of the premises with the building completed according to contract during such time as the contractor is chargeable with having delayed its completion. Under ordinary circumstances and the conditions shown in this case, the detriment caused by the failure to complete the building within the time agreed upon will be fully compensated for by allowing the injured party the value of the use of the property of which he has been deprived. The measure of defendant's damages being thus clearly ascertainable, we think the learned circuit was right in ruling that the clause of the contract providing for liquidated damages was void. There doubtless might be cases where, from the nature of the structure, its contemplated use, or the particular circumstances attending its construction, a stipulation for liquidated damages would be necessary, valid, and enforceable, but we do not think the case at bar falls within that class. Plaintiff's own testimony shows that the building was not completed before November 11, 1896. The record discloses no valid excuse for this delay. Defendant was, at least, entitled under the allegations of his answer and the rules of law herein announced, to the reasonable rental value of the premises from

October 1st to November 11th, and therefore · it was error for the court to exclude all evidence of such value.

· The contract contains the following provision: ··The contractor must carry on · his work promptly. Should he fail or refuse to comply with the requirements )f the contract, plans, and specifications, it shall be the right of the superintendent, after giving two day's notice in writing, to provide the workmen to finish the work; and the cost of the labor so provided shall be deducted from the amount to be paid the contractor." Considering this clause in connection with other parts of the contract, we think it should be held to modify the general rule as to substantial compliance to the extent of requiring two days' notice in writing of any defects before the defendant is entitled to any reduction or damages therefore, and that he should be allowed reduction only for such defects as are mentioned in the written notice.

Plaintiff was required to and did serve a bill of particulars of the items constituting his cause of action. Whether or not this bill of particulars should be regarded as a part of the complaint, it was clearly not admissible as evidence on the part of the plaintiff in support of his cause of action. The judgment of the circuit court is reversed, and a new trial ordered.