## H. C. BEHRENS LUMBER CO. et al. v. LAGER et al.

In the absence of a motion for a new trial, findings of the trial court are conclusive, and the evidence to support them will not be reviewed.

A ruling, refusing to receive any evidence under the complaint because not stating a cause of action, presents a question of law reviewable on appeal from the judgment.

Property cannot be subjected to a mechanic's lien for material furnished under a contract with one who is not the owner's agent.

(Opinion filed, March 2, 1910.)

Appeal from Circuit Court, Brown County. Hon. J. H. McCoy,. Judge.

Action by the H. C. Behrens Lumber Company and another against Hattie E. Lager and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

*Jorgenson & McNaghten,* for appellants. *W. F. Mason,* and *Chas. N. Harris,* for respondents.

CORSON, J. This was an action by the plaintiffs to enforce mechanics' liens against certain city lots in the city of Aberdeen for lumber and material alleged to have been furnished for, and used in the construction of, buildings upon said lots. Findings and judgment being in favor of the defendants, the plaintiffs have appealed. The case was tried to the court without a jury, and the court made findings of fact and conclusions of law, upon which a judgment was entered. No motion for a new trial was made in the trial court.

It is contended by the appellants that the findings of the court are not supported by the evidence, and that the conclusions of law are not sustained by the findings. In the absence of a motion for a new trial the findings of the trial court are conclusive upon this court, and the evidence to support such findings will not be reviewed by this court on appeal. This rule was established by this court in the case of Pierce et al. v. Manning, 2 S. D. 517, 51 N. W. 332, and has been uniformly adhered to by the court in numerous decisions made by it since the decision in that case.

In Northwestern Elevator Co. v. Lee. et al., 15 S. D. 114, 87 N. W. 581, this court, in discussing a similar question, says: "When a case is tried by the court without a jury, a party objecting to the findings may except to the same; and, in the case the court fails to find upon issues which a party may deem necessary in order to properly present his case, he may prepare such findings as he desires, and present them to the court, and if the court refuses to find as requested, he may except to the ruling of the court. These exceptions can only properly be reviewed by this court after a motion made for a new trial in the court below, in which that court's attention has been particularly called to the particulars in which the evidence is insufficient to support the findings, or under which the party is entitled to additional findings." There having been, in the case at bar, no motion made for a new trial, the findings, as before stated, are conclusive upon this court, and the only question to be considered by this court is whether the judgment is sustained by the pleadings, findings, and conclusions of law of the court. It is disclosed by the record that upon the case being called for trial the defendants objected to any evidence under the first 10 paragraphs of the complaint, which set out the cause of action of the H. C. Behrens Lumber Company, for the reason that it does not state facts sufficient to constitute a cause of action. This objection, in the nature of a demurrer to the complaint, was sustained by the court.

It is contended by the appellants that the ruling of the court constitutes an error of law, and therefore is subject to review on this appeal. We are of the opinion that the appellants are right in their contention, and that the alleged error of the court in holding that the complaint did not state sufficient facts to constitute a cause of action is subject to review on the appeal from the judgment, as the alleged error, if any, is presented by the judgment record. The objection that the complaint did not state facts sufficient to constitute a cause of action was that it appears upon the face of the complaint that the material was not furnished by virtue of any contract with the owner, agent, trustee, contractor, or subcontractor, and that the notice of lien was not filed within four months after the last material for which the lien is

claimed was furnished. It affirmatively appears from the complaint that Hattie E. Lager was the owner of the property: that the contract for the purchase of the lumber was entered into by Louis Lager personally, who agreed to pay therefor as the same should be delivered, but that he acted as the agent of the said Hattie E. Lager. The lien filed by the H. C. Behrens Lumber Company, with the account annexed thereto, was in the name of Louis Lager, no reference being made therein to Hattie E. Lager, and was not filed until the expiration of more than four months after the delivery of the last material. In the view we take of the case it is not necessary at this time to determine the question as to whether the court ruled correctly in holding the complaint insufficient, for the reason that the court finds, upon what we must presume to be sufficient evidence, "that the defendant Louis Lager was not the agent of the defendant Hattie E. Lager at the time of making the contract with the plaintiff H. C. Behrens Lumber Company alleged in the complaint herein, and the defendant Hattie E. Lager was not the principal of the said Louis Lager." This finding of the court conclusively settles the question as to the liability of the property of Hattie E. Lager to be subjected to the lien of the plaintiff for the materials furnished to the said Louis Lager. But assuming, without deciding, that the complaint upon its face did contain sufficient facts to constitute a cause of action, with the finding of the court that Louis Lager was not the agent of the defendant in the transaction resulting in the furnishing of the lumber and material, the judgment of the court was clearly correct, and was fully sustained by the findings and pleadings. On the other hand, assuming that the complaint was insufficient, and that the objection made by the counsel for the respondent was properly sustained, the conclusions and judgment are still correct upon the pleadings and findings of the court, for, as we have seen, the conclusions and judgment of the court were rendered in favor of the defendants. The findings, conclusions, and judgment of the court involving, as they do, the rights of a number of parties who had liens by way of mortgages, or as purchasers of the property, no useful purpose would be served in setting them out in this opinion.

We may add that the allegations in the complaint as to the Central Lumber Company were substantially the same as those contained in the complaint on the part of the H. C. Behrens Lumber Company, except that there was a mistake in the description of the lots sought to be charged with the lien, and in that case the lien was alleged to have been filed within four months after the last material was delivered. The court also made a similar finding to the one hereinbefore quoted, to the effect that Louis Lager was not the agent of Hattie E. Lager at the time of making said contract with the plaintiff Central Lumber Company, and that said Hattie E. Lager was not the principal of said Louis Lager.

We are of the opinion, therefore, that the judgment is fully sustained by the pleadings, findings, and conclusions of law, and that no error appears in the record of which the plaintiffs can properly complain.

The judgment of the circuit court is affirmed.

McCOY, J., takes no part in this decision.