UTLEY, Appellant, v. DUNNING, Respondent.

(161 N. W. 813.)

(File No. 4114.  Opinion filed March 22, 1917.)

1. **Contract—Validity—Suit for Damages—Merchandise Sale— Agreed Forfeiture of Deposit Money, Whether Penalty—Rules of Construction—Statutes Construed.**

Under a contract of sale of stock of merchandise and the good will of a business, the parties stipulated for and made deposit of a stated sum by each in bank, to be forfeited to the other party in event of failure to perform the contract by a certain day.  There was no proof of actual damages; and the purchase price was to be fixed by appraisers.  **Held,** in determining whether the contract should be construed as providing for a penalty, that the use in a contract of some particular term, such as "liquidated damages," "forfeit," or "penalty," is not conclusive, but that the word used is to be given consideration in determining intention of parties, and therefore the construction to be given the contract; that in doubtful cases a contract should be construed as providing for a penalty rather than for liquidated damages; that whatever the nature of the agreement or terms in which expressed, the damages agreed on

should be **held** a penalty where actual damages are capable of being readily ascertained; that, measured by these rules of construction, **held,** further, that under Civ. Code, Sec. 1274, providing that every contract by which the amount of damages to be paid, or other compensation to be made, for breach of an obligation, is determined in anticipation thereof, is to that extent void, except as provided in Sec. 1275, authorizing parties to a contract to agree to an amount which shall be presumed to be the amount of damages sustained by breach thereof, when it would be impracticable or extremely difficult to fix actual damages, said contract should be construed as providing for penalties; and the contract was void.

2. **Same—Damages of Merchandise and Good Will—Agreed Forfeiture of Deposit Moneys, Whether Penalty; Equality of Damages; Delay, as Indicating Damages as Penalty.**

In construing a contract of sale of a stock of merchandise and the good will of a business, pursuant to a stipulation in which the parties each deposited a stated sum of money in bank, to be forfeited to the other party in event of failure to perform by a certain day, **held,** (a) that the fact that the contemplated damages were the same to each party, it being inconceivable that the parties believed the actual damages suffered by vendor from a breach would approximate those suffered by vendee, and (b) the fact that thereunder the whole deposit was recoverable for mere delay in performance, are considerations leading to conclusion that the parties intended the agreed damages to be penalties.

Appeal for Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by L. C. Utley, against L. T. Dunning, to recover damages under a contract of sale of a stock of merchandise and the good will of a business. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Christopherson & Melquist,* for Appellant.

*Bates & Bates,* for Respondent.

(1.) To point one of the opinion. Appellant cited: Smith v. Detroit & The Goldmin. Co., et al., 17 S. D. 413; Sanford v. First National Bank of Belle Plaine et al., 94 Ia. 680, 63 N. W. 459; Section 1275, Rev. Civ. Code, 1903; Barnes v. Clement, 8 S. D. 421, 66 N. W. 810; Maxwell v. Allen, 78 Me. 32, 57 Am. Rep. 783; Holbrook v. Tobey, 66 Me. 410, 22 Am. Rep. 581; Wolf Creek Company v. Schultz, 71 Pa. St. 180; Fisk v. Fowler,

10 Cal. 513; Lynde v. Thompson, 84 Mass. (2 Allen) 457; Spicer v. Hopp, 51 Ind. 365.

Respondent cited: Elzey v. City of Winterset, (Ia.) 154 N. W. 901; Sanders v. McKim, (Ia.) 115 N. W. 917; Coen & Conway v. Birchard, (Ia.) 100 N. W. 48; Kelly v. Fejervary, (Ia.) 83 N. W. 791; Condon v. Kemper, (Kan.) 13 L. R. A. 671.

(2.) To phase (a) of point two of the opinion, Respondent cited: Eikenberry v. Thorn, (Ind.) 112 N. E. 112; Elliott on Contracts, Vol. 2, p. 850, Sec. 1559; 8 Ruling Case Law, §120.

WHITING, J. Action to recover damages to which plaintiff claims to be entitled owing to failure of defendant as vendor to carry out a contract for the sale to plaintiff of a stock of merchandise and the good will of a business. Trial to the court without a jury. Findings, conclusions, and judgment for defendant. From the judgment and an order denying a new trial, this appeal was taken.

Plaintiff offered no proof upon which there could have been any finding of actual damages. The only question requiring our attention relates to the correctness of the construction placed by the trial court upon the following paragraph found in the contract entered into by the parties hereto:

"As an evidence of good faith in the making of this agreement each of the parties hereto agrees upon the execution of this agreement to deposit in the hands of the Sioux Falls National Bank of the said city of Sioux Falls, one thousand and no-100 dollars ($1,000.00) which, in the event of the failure of either of the parties hereto to perform by the 15th day of June, 1915, such parts of this agreement as are to be performed by him by that date, shall be forfeited to the other party hereto."

The court construed the same as providing for forfeitures, and therefore void. Sections 1274 and 1275, C. C., provide:

"Sec. 1274. Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section.

"Sec. 1275. The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the

29—Vol. 38, S. D.

case, it would be impracticable or extremely difficult to fix the actual damage."

[1] The authorities are agreed that the use of some particular term such as "liquidated damages," "forfeit," or "penalty," is not conclusive, but that the word used is to be given consideration in determining the intention of the parties, and therefore the construction to be given an agreement; that in doubtful cases an agreement should be construed as providing for a penalty rather than for liquidated damages; that whatever the nature of the agreement or the terms in which it has been expressed, the damages agreed upon should be held to be a penalty where the actual damages are capable of being readily ascertained. 13 Cyc. 90-95; 8 R. C. L. "Damages," §§ 113, 114, and 118. Some courts have held that, before a party can recover a sum agreed upon as liquidated damages, he must show that such sum approximates his actual damages, or at least show that he has suffered some damages. 8 R. C. L. "Damages," § 117. It is unnecessary for us to pass on either of these last propositions, as we believe that, measured by the other rules above mentioned, the contract should be construed as providing for penalties.

Certainly appellant could not be heard to say that this contract could be construed as providing for liquidated damages in his favor, and at the same time providing for a penalty in case of breach of contract by him. It is perfectly clear, under the provisions of the whole contract, that the only damages that could have been suffered by the defendant, the vendor, in case plaintiff had failed to have carried out the contract by the time named, would have been either the loss of the use of the purchase money until same was paid in case of mere delay in payment—damages which under the law are compensated in interest (8 R. C. L. "Damages," § 122) ; or the damages suffered by a vendor in the loss of the sale of personal property—being the difference between the actual value and price agreed upon. In the contract before us the purchase price was to be fixed by appraisers. This price when so fixed would, for the purposes of such contract, have been the actual value. Therefore the vendor could not have suffered any damages by the vendee's failure to carry out the contract, other than the expenses he was to in having the appraisement made.

[2] There are two other considerations which would lead us to believe that the parties intended the damages agreed upon to be penalties: (a) The damages are the same as to each party. It is inconceivable that the parties to this contract should have believed that the actual damages that would be suffered by a vendor from a breach of the contract before us would approximate the damages that would be suffered by the vendee from a breach thereof. (b) Under the terms of this agreement as to damages, if this $1,000 could be recovered at all, it could be recovered not only for a total breach of the contract by either party; but it could be recovered by either party upon the mere delay of the other party in fulfilling his covenants until after June 15th, even though he fulfilled the same after that date. Such an agreement is unconscionable. 8 R. C. L. "Damages," §§ 116 and 117.

The judgment and order appealed from are affirmed.