HARDEN, Appellant, v. RICHARDS, Respondent.

(171 N. W. 89).

(File No. 4430.   Opinion filed March 12, 1919.)

**Contracts—Land Exchange, Liquidated Damages for Non-compliance —No Actual Damages, Nominal Damages Found—"Liquidated**

**Damages," Effect Under Statute—Former Decision Followed.**

Where plaintiff and defendant contracted for an exchange of lands, under a provision that if either party failed to carry it out he should pay the other $1000 as "liquidated damages for non-compliance" therewith, defendant being unable to make title to part of his land, and plaintiff had alleged and proved on trial no actual damage, defendant having moved for a directed verdict for plaintiff for nominal damages only, whereupon the court withdrew the case from the jury and made findings in keeping with the pleadings, awarding plaintiff $1 as nominal damages; held, that the case is ruled by Utley v. Denning, 38 S. D. 447, 161 N. W. 813. That the use of the term "liquidated damages" in the contract did not determine effect to be given to that provision in the contract; the case being controlled by Civ. Code, Secs. 1274, 1275 (Secs. 895, 896, Rev. Code 1919); no reason appearing why it "would be impracticable or extremely difficult to fix the actual damage," if any, suffered by plaintiff.

Appeal from Circuit Court, Charles Mix County. Hon. Robert B. Tripp, Judge.

Action by B. G. Harden, against C. N. Richards, to recover damages for defendant's failure to comply with his contract with plaintiff for exchange of lands. From a judgment for plaintiff for nominal damages only, and from an order denying a new trial, he appeals. Affirmed.

*P. A. Hosford,* for Appellant.

*French, Orvis & French,* for Respondent.

Appellant cited:

Medler v. Silverstone, 104th Pac., Page 165; 159th N. W. p. 672; Selby v. Matson, 114 N. W. 609; Sun Printing Association v. Moore, reported in 183 U. S., p. 66; Koster v. Holder, 17 U. C. C. p. 139; 8 R. C. L. 568, 570.

Respondent cited:

Utley v. Dunning (S. D.), 161 N. W. 813; Eikenberry v. Thorn (Ind.), 112 N. E. 112; 13 Cyc. 92; Decker v. Pierce, et al. (Mich.), 157 N. W. 384.

POLLEY, J. This action was brought to recover the sum of $1,000 as liquidated damages for the failure to perform the conditions of a contract for the exchange of two tracts of land. By the terms of the contract the defendant agreed to convey to plaintiff a tract of land in Charles Mix county in this state, and

the plaintiff agreed to convey to defendant a tract of land in Dakota county in the state of Nebraska. The contract was entered into on the 23d day of December, 1915, and by its terms the deeds and abstracts of title were to be exchanged and the transaction completed on or before the 15th day of January, 1916, and time was made the essence of the contract. The contract contained the further provision that—

"Either party failing to carry out the terms of this agreement agrees to pay the other party $1,000 as liquidated damages for noncompliance of this contract."

Defendant claimed he was unable to procure title to one quarter section of land that he agreed to convey to plaintiff, and therefore could not perform his part of the contract. Plaintiff thereupon commenced this action. He did not allege any actual damage in his complaint nor prove any actual damage at the trial. He merely showed the breach of contract by the defendant and rested. The court thereupon withdrew the case from consideration of the jury and made findings of fact substantially corresponding with the allegations in tne complaint, but awarded plaintiff nominal damages only, fixed at the sum of one dollar. Plaintiff, contending the facts as found by the court are insufficient to sustain the court's conclusion of law and the judgment thereon, appeals to this court.

The facts in the case are so nearly parallel in all material respects to the facts in Utley v. Dunning, recently decided by this court and reported in 38 S. D. 447, 161 N. W. 813, that what is said by the court in that case is decisive in this case. True, in that case the parties used the word "forfeit" in the place of "liquidated damages" as used in this case; but the terms used by the parties do not necessarily determine the effect to be given by the court to a provision in a contract. The case is controlled by the provisions of sections 1274, 1275, Civ. Code (§§ 895, 896, Revised Code of 1919). No reason appears to us why it "would be impracticable or extremely difficult to fix the actual damage," if any, that has been suffered by plaintiff because of defendant's failure to carry out the terms of the contract.

The judgment appealed from is affirmed.