FITZGERALD et al., Appellants, v. CITY OF HURON, et al., Respondents.

(199 N. W. 775.)

(File No. 5378.  Opinion filed July 19, 1924.)

1. Municipal Corporations — Estoppel—Special Assessments—Taxation—Abutting Owners Held Estopped from Asserting Acts Done by Contractor Were Irregular.

Where a paving company had expended a large sum in material and labor in paving, though after time fixed by contract, and abutting owners had full knowledge that work was being done under supervision of city engineer, and was accepted by him and approved by city, and that improvements were to be paid for by special assessments but made no objection until

after work was completed, they were estopped from asserting
that acts done by paving company were irregular.

2. **Municipal Corporations—Waiver—Contracts—Municipality Held to Have Waived Right to Penalize Contractor for Delay.**

Where paving company resumed work on a paving contract
with knowledge of municipality after time limited in contract
to make improvement had expired, municipality by accepting
improvement as made as satisfactory and in accordance with
contract waived whatever right it had to penalize paving com-
pany for its delay in performing contract.

3. **Appeal and Error—Evidence—Waiver—Sufficiency of Evidence Not Before Appellate Court, Where No Motion for New Trial Made.**

No question as to sufficiency of evidence to sustain trial
court's findings was before appellate court, where appellants
failed to make a motion for new trial and to allege errors in
overruling of such motion.

4. **Municipal Corporations — Abandonment — Waiver—Contract for Paving Held Not to Have Been Abandoned by Contractor.**

A contract for paving was not abandoned by contractor sus-
pending operations because of lack of money, where he sought
to enforce contract, and municipality insisted that contract be
performed even after time for its performance had expired, and
contractor had entered upon performance within time limited,
but proceedings by municipality were found to be irregular,
necessitating delay for correction thereof.

5. **Municipal Corporations—Waiver—Cities—Paving Contracts—Municipality Held to Have Power to Waive Penalty for Contractor's Delay in Completing Work.**

Under a contract for paving, with a penalty if improvement
was not completed in contract time, municipality had power to
waive the penalty, since it had no relation to assessment for
the improvement, no injury to abutting owners by contractor's
delay being shown.

6. **Damages—Forfeiture—Contracts—Provision for Forfeiture for Delay Held Void.**

Provision in municipal paving contract for forfeiture of $50
a day for delay was void, under Rev. Code 1919, Secs. 895,
896, in absence of any facts or circumstances rendering it ex-
tremely difficult or impractical to determine amount of dam-
age.

7. **Municipal Corporations — Injunctions—Estoppel—Abutting Own-
ers Waiting Until Pavement Completed Held Not Entitled to
Injunctive Relief.**

Where abutting property owners had knowledge that paving was done under supervision of municipal engineer and approved by municipal authorities, and waited until the work was completed before asserting their rights, they could not, in view of Rev. Code 1919, Sec. 6412, enjoin assessment against their property because of contractor's delay.

Appeal from Circuit Court, Beadle County, Hon. Alva E. Taylor, Judge.

Action by Laura C. Fitzgerald and others against the City of Huron and others. From a judgment of dismissal, plaintiff's appeal. Affirmed. •

*Null & Royhl,* of Huron, for Appellants.

*Gardner & Churchill,* of Huron, for Respondent C. H. Atkinson Paving Co.

*C. N. Hall,* of Huron, for other Respondents.

(1) to (6)  To points one to six of the opinion, Appellants cited: Kelso v. Cole, 121 Cal. 121, 53 Pac. 353; Childres v. Holmes, 95 Mo. App. 154, 68 S. W. 1046; Rose v. Trestrail, 62 Mo. App. 352; Springfield ex rel. v. Schmook, 120 Mo. App. 41, 96 S. W. 257; Jones v. Paul, 118 S. W. 522; Barber Asphalt Co. v. Munn, 83 S. W. 1062; Turner v. Springfield; Butler v. City of Detroit, 5 N. W. 1078; Eckhart v. Paving Co,. 191 N. W. 441.

Respondents cited:  Sec. 888, Rev. Code 1919; Cass Farm Co. v. City of Detroit, (Mich.) 83 N. W. 108; Fass v. Sheehawer, (Wis.) 19 N. W. 533; O'Shonessy v. Sioux City, (Ia.), 184 N. W. 728; Freeze v. City of Pierre, 37 S. D. 433; Spalding v. San Francisco, 24 Pac. 600; Himmell v. Oliver, 34 Cal. 246; Heman v. Gilliam, (Mo.) 71 S. W. 163; City of Sedalia v. Smith, (Mo.) 104 S. W. 15; Allen v. Labsap, (Mo.) 101 S. W. 61; Hill Const. Co. v. Hutchinson, (Mo.) 73 S. W. 318; Secs. 895, 896 Rev. Code 1919; Seim v. Krause, 13 S. D. 530; Utley v. Dunning, 38 S. D. 447; Harden v. Richards, 41 S. D. 415.

(7)  To point seven, Respondents cited:  Sec. 6412, Rev. Code 1919; Haggarth v. Alton, 38 S. D. 527; Clark v. Beadle County, 42 S. D. 146; Lerew v. Cresbard School Dist., 46 S. D. 331, 192 N. W. 747; Gallaher v. Caldwell, 145 U. S. 368; State ex rel. v. Mayor, (Wis.) 77 N. W. 167; McCoy v. Able, 113 Ind. 417, 30 N. E. 528, 31 N. E. 453. •

DILLON, J. This action is brought by plaintiffs (appellants here) who are the owners of property abutting upon Wisconsin street in the city of Huron, to enjoin the defendant city, city commissioners, and mayor (respondents) from making any assessment upon the property of the plaintiffs, and enjoining them from issuing any assessment certificate to the paving company or other parties in their behalf.

This action was tried to the court. Findings entered in favor of the defendants on all of the issues. No findings were proposed on behalf of the plaintiffs (appellants), and no motion for a new trial was made. The appeal was taken from the judgment only. The judgment dismissed the action on its merits, dissolving the restraining order, and awarding defendants their costs. Everything which plaintiff sought to enjoin had already been done before the commencement of this action.

The court found that after due publication of notice of the resolution of necessity and the adoption of the same, no protests or objections of any kind had been filed; that on the 7th day of July, 1919, a contract was duly let to the paving company for doing said work; that by the terms of the contract the work was to commence on or before the 1st day of April, 1920, and to be completed on or before the 1st day of September, 1920. Said contract provided that, "if, through any fault due to the negligence of the contractor any delay occurs in the completion of the improvement, the city may retain from any sum due the contractor the sum of $50 for each and every day of such delay." The contract also provided that the paving company was to be paid by special assessment certificates upon the property subject to assessment.

The court found that about the 1st day of July, 1920, and within the time limited by said contract, the paving company commenced work on said improvement, but upon investigation by its attorneys the proceedings of the city commissioners were found to be incomplete and irregular, and work was thereupon suspended and notice of said irregularity given to the defendant city; that thereafter the proceedings were corrected so as to meet with the approval of the paving company and its attorneys, but that the corrections were not made until after the time limited by the terms of the contract for the completion of the work

and that following this a period of nearly two years of serious financial depression existed, during which time it was not pos-sible for the defendant paving company to' finance the project and to complete the work, but that the defendant paving com-pany "made diligent effort in good faith to raise funds with which to prosecute the work and to finance said project, but was unable to do so, through no fault or neglect of the paving company." That the paving company made application to the city council for permit to "stop operations on paving contracts when we have completed Illinois street from Third to Thirteenth street, with the promise and mutual understanding that, when conditions again became normal, we will return and complete our work now under contract as directed by you."

This was presented to the city council on July 26, 1920, and adverse action was taken on this request on the 2d day of August, 1920, but the defendant paving company had neither knowledge nor notice of this action; that neither the paving company nor the city of Huron ever intended to abandon the work or the improvements or the contract, and the city, since the expiration of the time limited in the contract for the perform-ance of the work, has insisted that the defendant paving company do and perform the improvements and its said contracts.

On August 29, 1922, the paving company resumed work on the improvements with the knowledge of the plaintiffs, who are residents of the city of Huron, and living on their premises abutting the street so improved; that the paving company, who had expended $15,132 in material and labor, relied upon receiving payment because the plaintiffs had full knowledge that the work was being done under the supervision of the engineer of the city of Huron and was accepted by the city engineer and ap-proved by the city; that, although the plaintiffs knew that the im-provements were to be paid for by special assessments against their respective abutting properties, they made no protest or ob-jection to the paving company. The work was completed in Oc-tober, 1922.

[1, 2] The courts finds that plaintiffs and the defendants, other than the paving company, were and ought to be estopped from asserting that the acts done and performed by the paving company were in any respect irregular. The court also found

that the price at which the paving company made the improvements under the contract with the city was the reasonable value of the making of the improvements, and that the plaintiffs had and would suffer no injury or damage by the delay in the performance of the contract; that the city of Huron by its acts invited the paving company to make the improvements after the time limited in the contract had expired, and in accepting the same as made as satisfactory and in accordance with the contract, the city had waived the right, if any it had, to insist upon penalizing the paving company for its delay in performing the contract. The court found generally in favor of the defendants and against the plaintiffs. It directed the dismissal of the complaint on its merits. Judgment was accordingly entered. This appeal is from the judgment. We are of the opinion that the findings are conclusive as to the facts, and that the opinion of the trial court is sustained by the evidence. Nelson v. Lybeck, 21 S. D. 223, 111 N. W. 546; Behrens Lumber Co. v. Lager, 25 S. D. 138, 125 N. W. 574; N. W. Elevator Co. v. Lee, 15 S. D. 115, 87 N. W. 581; Gilfillan v. Schaller, 32 S. D. 638, 144 N. W. 133.

[3] Had appellants.desired to question the sufficiency of the evidence to sustain the findings, they should have made a motion for new trial and alleged errors in overruling such motion. Not having done so, they are precluded from raising any question as to the sufficiency of the evidence to sustain the findings. Therefore these questions are not before this court.

Appellants contend that the failure of the contractors to complete the work within the time named in the contract terminated the contract; that the request of the paving company asking that they be released from performing the contract until a change in the financial condition and the denial of such request had the effect of violating the paving contract; that, failing to accomplish this, the defendants should be enjoined from issuing assessment certificate.

Respondents meet these contentions by asserting that the commissioners of the city adopted the proposed resolutions of necessity to grade, pave and gutter this street; that no protest of any kind had been filed; that the contract was duly let to the paving company for doing said work; that the time for the com-

peltion of the contract was not made the essence of the contract; that such work had not been abandoned by the city or the contractor; that the performance of the contract had been delayed by the acts of the city council; that the provision in the contract relative to a forfeit of $50 per day was void under the statute; that appellants are not in position to raise the question of delays which were caused by the failure of the city to take the jurisdictional proceedings; and that the appellants are estopped because the city commission has accepted and approved the completion of the contractors' work and accepted the same. In these contentions respondents should be sustained.

In Behrens Lumber Co. v. Lager, 25 S. D. 139, 125 N. W. 574, this court said:

"In the absence of a motion for a new trial the findings of the trial court are conclusive upon this court, and the evidence to support such findings will not be reviewed by this court on appeal."

"Time is never considered as of the essence of a contract, unless by its terms expressly so provided." Rev. Code 1919, § 888.

[4] There is no merit in the contention that the contract was abandoned, for the contractor was seeking to enforce the contract. The contractor by the contract itself could only be subject to a penalty "through any fault due to the negligence of the contractor." The court found that no negligence existed.

The city commission insisted that the contract be performed even after time for its performance had expired. It will be noticed that the contractor actually entered upon the performance of his contract within the time for its performance, but that the city commission proceedings were found to be irregular. It appears to have been the opinion of the city commission as well as the contractor himself that these corrections and irregularities should be cured. The plaintiffs could not be injured, because, even if this contract were abandoned or rescinded, the city could have let a new contract without repeating the steps necessary to obtain jurisdiction, because they already had such jurisdiction. It may well be assumed that the city commission did not attempt to cancel or otherwise terminate this contract because of their desire to have the same completed.

[5, 6]   We cannot agree with the contention that the board of city commissioners had no power to waive the penalty. The penalty clause in the contract has no relation whatever to the assessment for street improvement. It may well be said that the work had been completed and that both the city engineer and the city commissioners were apparently satisfied. Although there was some delay in completing the work, we cannot assume that the appellants were injured by such delay. We fail to find any act done by the respondents in attempting to complete the construction work that could be said to be beyond the jurisdiction of the court or in violation of law. The provision in the contract provided for forfeiture of $50 per day for delay, but is void under sections 895 and 896, Rev. Code 1919. Seim v. Krause, 13 S. D. 530, 83 N. W. 583; Utley v. Dunning, 38 S. D. 447, 161 N. W. 813; Harden v. Richards, 41 S. D. 415, 171 N. W. 89.

There is nothing in the findings in this cause to indicate that there were any facts or circumstances which would render it extremely difficult or impractical to determine the amount of damage which the city sustained or might sustain by reason of the delay in the performance of this contract. Such delay was acquiesced in and caused by the acts of the appellants. While the city commissioners were insisting on the completion of the work, they did not deem it necessary to relet the contract, and no effort to apportionate the fault of the delay in the execution of the contract was made.

[7]   Again the abutting property owners had knowledge that the work was done under the supervision of the engineer of the city and approved by the city authorities.

Section 6412, 1919 Code, provides that:

"No injunction restraining the making of any local improvement under the provisions of this chapter shall be issued after the letting of the contract therefor."

This provision indicates the public policy of the state, and should be upheld.

In McCoy v. Able, 131 Ind. 417, 30 N. E. 528, 31 N. E. 453, we find the following:

"Principle and authority forbid that property owners should be allowed to stand by, inactive and passive, until after the

work has been done, and then come in and take from a contractor the value of his work and materials without compensation."

Under the findings of the court the appellants, having waited until the work has been compelted, should not now be permitted to enforce their claim for injunctive relief and thereby inflict loss and damage upon the respondents who were acting in good faith. In such cases a prompt assertion of rights is necessary to a just claim in equity.

The judgment of the trial court is affirmed.

POLLEY, J. I concur in the affirmance of the judgment appealed from.

Note.—Reported in 199 N. W. 775. See, Headnote (1), American Key-Numbered Digest, Municipal corporations, Key-Nos. 488, 489(7), 28 Cyc. 1173; (2) Municipal corporations, Key-No. 362(2), 28 Cyc. 1055; (3) Appeal and error, Key-No 294(2), 3 C. J. Sec. 906; (4) Municipal corporations, Key-No. 362(1), 28 Cyc. 1053 (1925 Anno.); (5) Municipal corporations, Key-No. 362(2), 28 Cyc. 1054; (6) Damages, Key-No. 79(4), 17 C. J. Sec. 237.