DAVE GUSTAFSON & CO., Appellant

v.

STATE et al., Respondents

(156 N.W.2d 185)

(File No. 10409.  Opinion filed February 13, 1968)

**Mead Bailey,** of **Christopherson, Bailin, Wilds & Bailey,** Sioux Falls, for plaintiff and appellant.

**Kenneth J. Morgan,** Highway Asst. Atty. Gen., **Carl W. Quist,** Sp. Asst. Atty. Gen., Pierre, for defendants and respondents.

HANSON, Presiding Judge.

In this action by a contractor against the State of South Dakota and its Highway Commission the single question is whether a provision in a state highway construction contract is one for liquidated damages, as the trial court found, or is a penalty.

On October 5, 1963 plaintiff, Dave Gustafson & Company, entered into a contract with the State Highway Commission for the construction of the subbase, base and bituminous surfacing of a new public highway between Wessington Springs and Woonsocket. Plaintiff performed a total dollar amount of work in the amount of $530,724.14. Upon completion the new highway replaced the pre-existing portion of State Trunk Highway No. 34 between the two towns. During construction the old portion of Highway 34 remained open for travel by the public in substantially the same manner as it had been for the past five years. After the new highway was completed the old portion of the road was also left open for use as a public highway.

Plaintiff failed to complete the new highway on the date fixed. There was a delay of 67 working days for which there was no extension of time requested or granted. Therefore the state withheld $14,070.00 as liquidated damages from the amount due plaintiff computed according to the contract scale of daily damage for delay in construction. As this project totaled $530,-742.14, the per diem daily damage was $210. This daily damage multiplied by the 67 day delay equals the sum withheld. According to an interrogatory answered by the state any damage, loss, or expense incurred by reason of the delay was "unknown". This did not necessarily mean there were no damages.

The pertinent contract provision reads:

"8.9 FAILURE TO COMPLETE THE WORK ON TIME:— Time is an essential element of the contract and it is important that the work be pressed vigorously to completion. [1] The cost to the Department of the administration of the contract including engineering, inspection, and supervision, will be increased as the time occupied in the work is lengthened. [2] The public is subject to detriment and inconvenience when full use cannot be made of an incomplete project.

"Should the Contractor fail to complete the work within the time agreed upon in the contract or within such extra time as may have been allowed by increases in the contract or by formally approved extensions granted by the Department there shall be deducted from any monies or amount due or that may become due the Contractor, the sum set forth in the schedule shown in Section 8.10 herein, for each and every weather working day, that the work shall remain uncompleted. [3] This sum shall be considered and treated not as penalty but as fixed, agreed liquidated damage due the State from the Contractor by reason of inconvenience to the public, added cost of Engineering and supervision, and other items which have caused an expenditure of public funds resulting from his failure to complete the work within the time specified in the contract."

Section 8.10 provides the following graduated scale of per diem liquadated damages:

| "Original Contract Amount | | Amount of Liquidated Damages per day |
|---|---|---|
| From more than | To and including | |
| 0 | 25,000 | 42 |
| 25,000 | 50,000 | 70 |
| 50,000 | 100,000 | 105 |
| 100,000 | 500,000 | 140 |
| 500,000 | 1,000,000 | 210 |
| 1,000,000 | 2,000,000 | 280 |
| 2,000,000 | . . . . . . . . | 420" |

An unexcused delay in performing a contract after the time fixed for performance constitutes a breach of contract for which damages are recoverable. The measure of damages, except as otherwise provided by statute, is the amount which

164

would "compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." SDC 1960 Supp. 37.1801. Such actual damages would have to be alleged and proved.

■ Stipulated sums in the nature of "Penalties imposed by contract * * * are void", and unenforceable. SDC 10.0703. However, parties to a contract may agree "upon an amount presumed to be the damage for breach in cases where it would be impracticable or extremely difficult to fix actual damage." SDC 10.0704. "The effect of a clause for stipulated damages in a contract is to substitute the amount agreed upon as liquidated damages for the actual damages resulting from breach of the contract, and thereby prevents a controversy between the parties as to the amount of damages. If a provision is construed to be one for liquidated damages, the sum stipulated forms, in general, the measure of damages in case of a breach, and the recovery must be for that amount. No larger or smaller sum can be awarded even though the actual loss may be greater or less." 22 Am.Jur.2d, Damages, § 235, page 321. In such case, evidence of the actual loss or harm suffered is immaterial and irrelevant. Willgohs v. Buerman, 262 Minn. 415, 115 N.W.2d 59.

■ Our statutes reflect the common law on the subject. Restatement, Contracts, § 339 comparatively reads:

"An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

The difficult problem, in each case, is to determine whether or not the stipulated sum is an unenforceable penalty or an enforceable provision for liquidated damages. This is a question of law for the court to determine. Anderson v. Cactus Heights Country Club, 80 S.D. 417, 125 N.W.2d 491, and usually "the reasonableness or unreasonableness of the stipulation is decisive." 5 Williston, Contracts, 3rd Ed., § 779, page 698.

One of the primary concerns is whether or not damages imposed by contract involve a breach where it would be impracticable or extremely difficult to fix actual damages. Most of our cases turn on this point. Because actual damages were found to be ascertainable and accurately measurable the court refused to enforce stipulated damages provisions in the following earlier cases: Barnes v. Clement, 12 S.D. 270, 81 N.W. 301; Seim v. Krause, 13 S.D. 530, 83 N.W. 583; Utley v. Dunning, 38 S.D. 447, 161 N.W. 813; Harden v. Richards, 41 S.D. 415, 171 N.W. 89; Fitzgerald v. City of Huron, 47 S.D. 533, 199 N.W. 775. The attitude of the court, in these cases, is expressed in Barnes v. Clement, supra: "Penalties and forfeitures are not favored by courts of equity, and whenever they can find reasonable ground for holding that the provisions of a contract for 'stipulated damages' are in the nature of a penalty or forfeiture, they have not hestitated to relieve the party in default from such penalty or forfeiture".

Perhaps the furthest extension of this rule of construction appears in Fitzgerald v. City of Huron, 47 S.D. 533, 199 N.W. 775, in which a paving contract provided that "if, through any fault due to the negligence of the contractor any delay occurs in the completion of the improvement, the city may retain from any sum due the contractor the sum of $50 for each and every day of such delay." After having decided the delay was not due to any fault or negligence of the contractor the court went on to say the "forfeiture of $50 per day for delay" was void because there was nothing in the facts or circumstances which would render it difficult or impractical to determine the amount of damages which the city sustained or might sustain from the delay. This portion of the opinion would appear to be

dictum as it was an unnecessary appendage to the decision. In any event it departs from reality as damages to a city, the traveling public, and abutting property owners caused by delay in performing a paving contract would be extremely difficult, if not impossible, to ascertain. Therefore, to avoid future reliance upon this portion of the decision in Fitzgerald v. City of Huron, supra, it is expressly overruled.

In the recent case of Anderson v. Cactus Heights Country Club, 80 S.D. 417, 125 N.W.2d 491, this court upheld a stipulated damage provision of $8,000, which was reducible according to the extent of performing a contract to design, construct, and supervise a golf course. The court said "A provision for payment of a stipulated sum as a liquidation of damages will ordinarily be sustained if it appears that at the time the contract was made the damages in the event of a breach will be incapable or very difficult of accurate estimation, that there was a reasonable endeavor by the parties as stated to fix fair compensation, and that the amount stipulated bears a reasonable relation to probable damages and not disproportionate to any damages reasonably to be anticipated."

This case reflects the modern tendency not to "look with disfavor upon 'liquidated damages' provisions in contracts. When they are fair and reasonable attempts to fix just compensation for anticipated loss caused by breach of contract, they are enforced * * * They serve a particularly useful function when damages are uncertain in nature or amount or are unmeasurable, as is the case in many government contracts." Priebe & Sons v. United States, 332 U.S. 407, 68 S.Ct. 123, 92 L.Ed. 32. See also Williston on Contracts, Vol. 5, 3rd Ed., § 788, page 760. In 43 Am.Jur., Public Works and Contracts, § 78, page 822 it is pointed out that "In many instances the governing law requires contracts for public work to contain stipulations for liquidated damages for delay, and in the absence of statute it is customary in many jurisdictions to insert such stipulations. Such a provision requiring liquidated damages for delay is not against public policy and is an appropriate means of inducing due performance, or of giving compensation, in case of failure

to perform; the courts give effect to a stipulation of this kind in accordance with its terms."

Judged in this light and by the standards established in Anderson v. Cactus Heights Country Club, 80 S.D. 417, 125 N.W.2d 491, the provision in question must be considered to be one for liquidated damages rather than a penalty for the following reasons: I. Damages for delay in constructing a new highway are impossible of measurement. II. The amount stated in the contract as liquidated damages indicates an endeavor to fix fair compensation for the loss, inconvenience, added costs, and deprivation of use caused by delay. Daily damage is graduated according to total amount of work to be performed. It may be assumed that a large project involves more loss than a small one and each day of delay adds to the loss, inconvenience, cost and deprivation of use. As stated in Vol. 5, Williston on Contracts, 3rd Ed., § 785, page 733 "It is commonly provided in building and construction contracts that there shall be deducted from the contractor's compensation a fixed sum for each day's delay in performing the contract beyond the day fixed therein. Such damages are obviously graded according to the extent of the breach, increasing proportionately with each day's delay. Moreover, each day's delay, while unquestionably injurious, is injurious frequently in ways that are difficult to estimate. Accordingly, unless the sum fixed in the contract is very unreasonable the provision is treated as one for liquidated damages." See also 25 C.J.S. Damages § 106, p. 1045; Vol. 5 Corbin on Contracts § 1072, p. 402; 22 Am.Jur.2d, Damages, § 227, p. 312; and Annot. in 51 A.L.R. 1213; Appeal of Francis R. Orshek Co., 174 Neb. 668, 119 N.W.2d 48. III. For the same reasons we must conclude the amount stipulated in the contract bears a reasonable relation to probable damages and is not, as a matter of law, disproportionate to any and all damage reasonably to be anticipated from the unexcused delay in performance.

Affirmed.

All the Judges concur.