Lowell PRENTICE and Mary Prentice, Plaintiffs and Appellees,

v.

Charles L. CLASSEN, Defendant,

and

Opal H. Classen, Defendant and Appellant.

No. 14369.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1984.

Decided Sept. 26, 1984.

Scott N. Heidepriem of Heidepriem & Widmayer, Miller, for plaintiffs and appellees.

Douglas G. Fosheim of Wehde, Fosheim & Haberstick, Huron, for defendant and appellant.

WOLLMAN, Justice.

This is an appeal by Opal Classen from a judgment decreeing that she was in default on a contract for deed. We affirm.

On May 1, 1980, Lowell and Mary Prentice agreed to sell Opal and Charles Classen some fifty-six acres of pasture land, together with the house, garage, and outbuildings situated on the land. The contract for deed entered into by the parties fixed the purchase price at $45,000.00 and provided that the Classens would pay $4,500.00 at or before the execution of the contract, $6,174.00 on November 1, 1980, and $3,321.15 on November 1, 1981, and a like sum each November 1 for the next nineteen years. The interest rate was set at seven percent. The contract also provided that:

> If there is any default or breach of this contract by buyer, then in such case, this agreement, at the option of the seller, may be cancelled by the seller giving the buyer thirty days written notice of such cancellation, and this contract shall be terminated unless within such thirty days period buyer shall pay the entire balance under the contract in default of which buyer shall have no right or claim thereto or right of action to recover the

premises herein described and all payments and improvements made by buyer shall be retained by seller as liquidated damages, it being expressly understood and agreed that time is of the essence of this contract.

The Classens were dairy farmers. They lived with their children in the farm home and added a bulk tank, dairy equipment, and cement floors to the outbuildings in order to operate a Grade "B" dairy.

During the summer of 1982 the Classens began experiencing marital difficulties, which resulted in their being divorced in May of 1983. Charles left the marital home in the fall of 1982. He advised Opal that he had made the November 1, 1982, contract payment. When Opal learned that Charles had not made the payment, she attempted to make arrangements for payment but was unsuccessful in doing so.

On November 9, 1982, the Prentices notified the Classens of their default and gave them thirty days to pay the entire balance due. The Prentices started this action to foreclose the contract in January 1983.

The trial court found, in part:

9. The Plaintiffs [Prentices] are ready, willing and able to perform their obligations under the terms and provisions of the Contract for Deed and have made this offer of performance known to the Defendants.

10. The Defendants [Classens] have failed to make the November 1, 1982 payment but are still in possession and are making use of the real property in question.

11. The contract contained a valid acceleration clause.

12. The contract contained a provision requiring all payments and improvements made by the Defendants to be retained by the sellers as liquidated damages upon default by the Defendants.

13. The damages to the Plaintiffs due to the breach of the Defendants were incapable of accurate estimation. The parties made a reason-

able endeavor to fix fair compensation by way of vigorous negotiations. The amount paid by the Defendants to the Plaintiffs ($13,955.00) bears a reasonable relation to the amount of damage caused to the Plaintiffs.

The trial court concluded:

5. That pursuant to SDCL 21–50–1 through 21–50–3 the Defendants are in default according to the terms of the Contract for Deed and the time within which the Defendants must comply with the terms of the contract on their part shall be thirty (30) days from the rendition of judgment.

6. That the contract contained a valid acceleration clause which, therefore, requires the Defendants to pay the balance due on the Contract for Deed within thirty (30) days as stated.

7. That unless the Defendants fully comply within the time specified, the Plaintiffs shall have judgment against the Defendants and shall be able to retain all of the moneys already paid to them and the real estate, and any improvements made, shall be returned to them.

8. That unless the Defendants fully comply within the time specified, such judgment shall be and becomes final without further Order of the Court and all rights asserted under the contract by the Defendants, Opal H. Classen or Charles H. Classen, shall thereupon be forever barred and foreclosed.

9. The liquidation damage clause contained in the contract is valid and does not constitute a penalty pursuant to SDCL 53–9–5.

10. The damages to Plaintiffs due to the breach of the Defendants were incapable of accurate estimation. The parties made a reasonable endeavor to fix fair compensation by way of vigorous negotiations. The

amount paid by the Defendants to the Plaintiffs ($13,955.00) bears a reasonable relation to the amount of damage caused to the Plaintiffs.

In her proposed findings, Mrs. Classen asked for ninety days in which to pay the November 1, 1982, payment. She proposed that the court adjust the equities of the parties and find the acceleration clause to be oppressive and unfair. She also proposed that the liquidated damages provision was a penalty and that there was no evidence to uphold the provision.

The issue on appeal is whether the forfeiture clause in the contract is an unlawful penalty or a valid, enforceable provision for liquidated damages.

SDCL 53–9–5 provides:

Every contract in which amount of damage or compensation for breach of an obligation is determined in anticipation thereof is void to that extent except the parties may agree therein upon an amount presumed to be the damage for breach in cases where it would be impracticable or extremely difficult to ·fix actual damage.

■ The modern tendency, reflected in public contract cases, is not to look with disfavor upon liquidated damages provisions in contracts. *Dave Gustafson & Co. v. State*, 83 S.D. 160, 156 N.W.2d 185 (1968). Whether a stipulated sum is an unenforceable penalty or an enforceable liquidated damages provision is a question of law for the court to determine based upon a consideration of the instrument as a whole, the situation of the parties, the subject matter of the contract, the circumstances surrounding its execution, and other factors. *Walter Motor Truck Co. v. State, Etc.*, 292 N.W.2d 321, 323–24 (S.D. 1980). Ordinarily a provision for payment of a stipulated sum for liquidated damages will be sustained if (1) at the time the contract was made the damages in the event of breach were incapable or very difficult of accurate estimation, (2) there

was a reasonable endeavor by the parties to fix fair compensation, and (3) the amount stipulated bears a reasonable relation to probable damages and is not disproportionate to any damages reasonably to be anticipated. *Anderson v. Cactus Heights Country Club*, 80 S.D. 417, 125 N.W.2d 491 (1963).

■ We agree with the Prentices that pursuant to our holding in *Walter Motor Truck Co. v. State, Etc., supra*, Mrs. Classen bore the burden of establishing that the liquidated damages clause constituted a penalty. *Cf. Hofer v. Scott Livestock Co.*, 201 N.W.2d 410 (N.D.1972).

■ We conclude that the trial court's finding number 13, *supra*, is not clearly erroneous and that the trial court did not err in holding as a matter of law that the liquidated damages clause was valid and did not constitute a penalty pursuant to SDCL 53–9–5. There is no evidence in the record of any overreaching or unfairness on the part of the Prentices. Indeed, there is evidence that they reduced their original downpayment requirement at the request of the Classens. The interest rate appears to have been favorable. Although the Classens did make improvements to the property, they also had possession of the land and occupancy of the farmhouse. In the absence of any evidence clearly establishing a substantial disparity between the payments made on the contract, together with the improvements made to the property, and the loss of rents and other detriment suffered by the vendors, we cannot say that the enforcement of the liquidated damages clause worked an unconscionable forfeiture upon Mrs. Classen. In so holding, however, we note that a safeguard against the potentially unfair consequences of the enforcement of such a clause in a strict foreclosure action is provided by SDCL 21–50–2, which states in part that "[t]he court in such actions shall have the power to equitably adjust the rights of all the parties thereto ...." *See* Clark and

Richards, "Installment Land Contracts in South Dakota—Part II," 7 S.D.L.Rev. 44, 58–63 (1962).

The judgment is affirmed.

MORGAN and HENDERSON, JJ., DUNN, Retired Justice, and MILLER, Circuit Judge, concur.

DUNN, Retired Justice, participating.

MILLER, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

WUEST, Circuit Judge, Acting as Supreme Court Justice, not participating.