Richard H. MAGUIRE and Marcia K. Maguire, Plaintiffs,

v.

RICHMOND HILL, INC., Defendant.

Civ. No. 93–5002.

United States District Court, D. South Dakota, W.D.

Oct. 19, 1993.

Richard S. Gleason, Portland, OR, Gregory A. Eiesland, Rapid City, SD, for plaintiffs.

Donn Bennett, Belle Fourche, SD, Matthew C. Colonell, Denver, CO, for defendant.

BOGUE, Senior District Judge.

Defendant's motion for summary judgment with respect to 1989–1991 royalty payments has been briefed by the parties and is ready for decision. After a careful review of the entire file in this matter, as well as applicable law, this Court concludes that the motion must be denied.

At the heart of defendant's motion is a provision in the mining agreement executed by the parties which purports to deem amounts paid by defendant as "conclusively presumed to be correct," unless plaintiffs invoked certain verification procedures within four months of that payment. Defendant claims that, based on this provision, plaintiffs can only seek damages for a period starting four months before their complaint was filed.

To strike down the four-month limitation provision, plaintiffs rely on S.D.C.L. 53–9–6, which states that "[e]very provision in a contract restricting a party from enforcing his rights under it by usual legal proceedings in ordinary tribunals, or limiting his time to do so, is void." Without a doubt—and especially as evidenced by defendant's assertion that plaintiffs cannot seek damages based on any given royalty payment more than four months after it is made—the four-month provision in the lease agreement purports to restrict the plaintiffs from enforcing their rights by usual legal proceedings. This case does not merely involve a contractual agreement whereby both parties agree to be bound by a price set by a neutral third party, as in *Seim v. Krause*, 13 S.D. 530, 83 N.W. 583 (1900). The contractual provision in *Seim* did not have the effect of preventing legal action altogether, as the present four-month provision attempts to do. In this regard, the Court notes that all contractual provisions either add to or detract from the legal rights of the parties thereto; however, not all contractual provisions rise to the level of foreclosing causes of action, as does the provision at issue here. Therefore, this Court holds that the contractual four-month limitation period contained in the lease agreement is voided by SDCL 53–9–6. Based on the foregoing, it is hereby

ORDERED that defendant's motion for summary judgment, filed July 15, 1993, is denied.