## BARNES V. CLEMENT.

1. A contract for the sale of land which provides that the purchaser shall take possession of the land, and pay therefor in stipulated installments and in case of default all payments which shall have been made shall be retained by the vendor as rent, free and clear of any demand of the vendor whatsoever, provides for a forfeiture, within Comp. Laws,

§ 4573, providing that, where·an obligation imposes a forfeiture by reason of failure to comply with its provisions, the party may be relieved therefrom on making full compensation to the other party.

2. Under Comp. Laws, §§ 3580, 3581, providing that contracts for stipulated damages shall be void, except in cases where it would be impracticable or extremely difficult to fix the actual damages; and Section 4573, providing that, whenever a party to a contract incurs a forfeiture by reason of his failure to comply with its provisions, he may be relieved therefrom on making full compensation to the other party,—one who purchased land under a contract which provides that he should have possession of the premises, and pay therefor in stipulated installments, and that, in case he should default, all payments made should be retained by the vendor for the use of the premises up to the time of such default, free and clear of any claim or demand of the purchaser whatsoever, can recover the difference between the amount paid on the purchase price and the reasonable value of the use of the land, where, four days after the vendor ejected him from the premises for default, he offered in good faith to pay the vendor the full amount due under the contract, which the vendor refused to accept, though on a former appeal the supreme court held that such contract was not void under Sections 3580 and 3581.

(Opinion filed December 20, 1899.)

Appeal from circuit court, Grant county. Hon. A. W. CAMPBELL, Judge.

Action by James W. Barnes against Foster R. Clement to recover money paid on a land contract. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The facts are stated in the opinion.

*H. H. Potter* and *T. L. Bouck*, for appellant.

*L. H. Bentley, George S. Rix*, and *J. H. McCoy*, for respondent.

CORSON, P. J.    This is an action to recover money paid by the plaintiff on a land contract.    Findings and judgment were in favor of the plaintiff, and from the judgment and order denying a new trial the defendant appeals.    This case was before us on a former appeal, and the judgment reversed, and a new trial ordered.    8 S. D. 421, 66 N. W. 810.

The contract, entered into on the 15th day of September, 1888, provides in substance, that the appellant, Foster R. Clement, should sell and convey to the respondent, James W. Barnes, by deed of special warranty, 640 acres of farming land for the sum of $8,100, and interest thereon at the rate of 7 per cent. per annum,—principal and interest to be paid in installments on or before October 1st of the years 1889, 1890, 1891, 1892 and 1893, and taxes and insurance as therein stipulated, and permitted the said Barnes to occupy the land.    Barnes covenanted that he would purchase the said property, and pay for the same as therein specified; that he would till the land in a farmer-like manner, and cultivate at least 400 acres of the same in crops; that he would keep all buildings on the premises insured; and that he would deliver to the said appellant each year a good and valid chattel mortgage upon all the crops grown on the said premises, to secure the payment of the installments of each year.    It was further agreed between the parties that the occupancy of the premises by the respondent for the purpose of carrying out the provisions of the agreement should in no manner give the respondent the possession of, or the right of possession of, the said premises.    The said contract also contained the further stipulation:    "That, in case the said Barnes shall fail in the performance of any of the stipulations and agreements herein by him agreed to be done and

performed, all payments which shall have been made, and all sums which said Clement shall realize out of any crops which may then be upon said lands, or upon which said Clement shall hold a chattel mortgage at time of such default, shall be retained by said Clement as payment for the use of said premises up to the time of such default, free and clear of any claim or demand of said Barnes whatsoever." Under this contract the respondent entered into the occupancy of the said land, and continued to occupy the same until November 21, 1891. As to what occurred between the parties under the contract, the court found as follows: "(2) That on the 21st day of November, 1891, the plaintiff being then in default in the payment of the moneys specified in and by the terms of the said contract, the defendant terminated the said contract, and ejected plaintiff from said lands described therein, and that since the 25th day of November, 1891, the performance of said contract has been abandoned by plaintiff. (3) That it was stipulated and agreed between plaintiff and defendant on the trial of said cause that two thousand nine hundred seventy-one dollars and ninety-one cents ($2,971.91) was the amount paid by plaintiff in wheat delivered to defendant as payment upon said contract between the 15th day of September, 1888, and the 21st day of November 1891, with interest included thereon from the 21st day of Novenber, 1891, to the 20th day of November, 1894, the date of the former verdict in this action. (4) That the value of the use of the said lands during the time plaintiff occupied the same from September 15, 1888, to November 21, 1891, was $1,355, as found by the jury. (5) That there was no other damage, of any nature, sustained by defendant by reason of the occupancy of said lands by plaintiff during the time between

September 15; 1888, and November 21, 1891, or by reason of plaintiff's failure to comply with the terms of the said contract, other than the said value of the said use thereof as found by the jury; the plaintiff having in all particulars fully complied with the terms of the said contract, excepting in the making of full payment as specified by the terms thereof  (6) That the plaintiff did not act in a grossly negligent, wilful or fraudulent manner in relation to the payments on the contract in question, but did in good faith make reasonable efforts to comply with the provisions of the contract in question. (7) That the plaintiff did on or about the 25th day of November, 1891, offer in good faith to pay the defendant all sums and balances then due from plaintiff to defendant upon the contract for the purchase of said land, and that such offer was refused by the defendant." It will be observed that the court in this finding finds that the plaintiff did on or about the 25th day of November, 1891 offer in good faith to pay the appellant all sums and balances then due from the plaintiff to the defendant upon the contract, and that such offer was refused by the appellant, and that the court further finds that on or about the same date the defendant terminated the said contract, and ejected the plaintiff from the said premises, and that since said date the performance of said contract has been abandoned by the plaintiff. In effect the findings are that the contract was abandoned by the respective parties about the date aforesaid.

Ordinarily a party thus paying money upon a contract, who fails to comply with the terms of the same as to the time of payment, but who offers to pay the balance due subsequent to the time when such payments should have been made, and such payment is refused, is entitled to recover back the money so

paid, less the amount of damages which the other party has sustained by reason of his failure to comply with the terms of the contract. See Way v. Johnson, 5 S. D. 237, 58 N. W. 552, and cases cited. In such case the party is entitled to relief under the provisions of section 4573, Comp. Laws, which reads as follows: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful or fraudulent breach of duty." This section is a copy of Section 1831 of the Civil Code prepared for the state of New York, and which, by the commissioners' notes, appears to have been based, among others, upon the cases of Spaulding v. Hallenbeck, 39 Barb. 78; Clute v. Robison, 2 Johns. 595; and Skinner v. White. 17 Johns. 357, The commissioners, in their notes to that section, say: "Though this doctrine, especially as applied to contracts, is one, in its origin, of purely equitable cognizance, it is now to be applied in all actions, as well as in granting specific relief. See Spaulding v. Hallenbeck, *supra*." The appellant contends that the court's finding as to the plaintiff's offer to perform the contract on or about the 25th day of November, 1891, and the appellant's refusal to accept performance, is not supported by the evidence. We are of the opinion, however, that, though there is some conflict in the evidence, the court's finding was fully justified.

The appellant further contends that the court erred in finding that there was due the respondent any sum whatever from the appellant, for the reason that by the terms of the contract it was expressly stipulated and agreed between the parties that all payments made, and all sums which said appellant should

realize out of any crops which might be raised upon the land, should be retained by said appellant as payment for the use of the said premises up to the time of default, free and clear of any claim or demand of said respondent whatever, and that this stipulation and agreement clearly bring the case within the provisions of Section 3581, Comp. Laws. The respondent insists that the stipulation and agreement provide for a forfeiture, or for a loss in the nature of a forfeiture, and come clearly within the provisions of Section 4573. It will be observed that the learned circuit court in his conclusions of law adopts the latter view, and holds that the stipulation or agreement contained in the contract was in the nature of a forfeiture. We are inclined to the opinion that the circuit court was right in its conclusions of law, and that the sums awarded are correct. Penalties and forfeitures are not favored by courts of equity, and, whenever they can find reasonable ground for holding that the provisions of a contract for "stipulated damages" are in the nature of a penalty or forfeiture, they have not hesitated to relieve the party in default from such penalty or forfeiture; securing, however, to the other party compensation for damages sustained by him by reason of the breach of contract, where the contract has been terminated by an offer of performance, and refusal, or rescinded by mutual consent. The court finds in this case that the only part of the contract between the parties not fulfilled on the part of the plaintiff was his failure to pay the installments at the times stipulated in the contract. Such a breach of the contract could properly be compensated for by allowing to the defendant the value of the use and occupation of the premises during the time they were occupied by the plaintiff. This he was allowed

by the court, and the sum deducted from the amount plaintiff was, to receive from him. In Spaulding v. Hallenbeck, *supra*, the court says: "Lord Hardwicke says in Rose v. Rose, Amb. 332: 'Equity will relieve against almost all penalties whatsoever; against nonpayment of money at a certain date; against all forfeitures.' It is a standing rule that a forfeiture shall not bind, when a thing may be done afterwards, or any compensation may be made. Forfeitures have always been considered as odious in the law, and courts of law, circumscribed as their jurisdiction is, struggle against them." As we have seen, Section 4573, referred to, gives the power, not only to courts of equity, but to courts of law, to relieve a party from a forfeiture, or from any loss in the nature of a forfeiture. This provision of the statute is a wise one, for the protection of parties who are unable to perform their contracts to the letter, and should be enforced by the courts in all cases which can be brought within its provisions. There are cases, it is true, where, "from the nature of the case, it will be impracticable or extremely difficult to fix the actual damages," when the damages agreed upon in the contract must be regarded as "stipulated damages." Several such cases are referred to and commented upon in the case of Bagley v. Peddie, 16 N. Y. 469.

It is contended on the part of the appellant that this court having held on the former appeal that the contract was not void in so far as it provided for a retention by appellant of the money that might be paid thereon, it necessarily follows that the respohdent is not entitled to recover any part of the sum so paid in this action, but we are of the opinion that such a conclusion is not warranted by the decision in that case. While that provision of the contract is not void, the contract is never-

theless subject to the provisions of Section 4573. That section and Sections 3580 and 3581, being parts of the civil code, must be construed together. Whenever, therefore, the court is enabled to ascertain the actual proximate amount of damages that a party sustains by reason of a breach of a contract, and the amount paid thereon is in excess of such damages, the court should, under the provisions of Section 4573, relieve the party from a forfeiture, and permit him to recover back the sum so paid in excess of the actual damage sustained by the other party. This is in strict accord with the letter and spirit of the section, and with the rule that has so long prevailed in equity. In this case the court found that the only damage sustained by the appellant was that caused by the failure to pay the installments upon the contract at the times stipulated. As the respondent was in the occupancy of the premises from September, 1888, to November, 1891, the value of such use and occupation would clearly compensate the appellant for the failure of the respondent to make the payments in accordance with the terms of the contract. And the respondent, having offered to fulfill the terms of the contract on his part, was clearly entitled to recover the money paid by him in excess of the actual damages sustained by the appellant. The judgement and order of the circuit court denying a new trial are affirmed.