COLEMAN V. STALNACKE.

1. Where an appeal is from the judgment alone, the only questions presented are whether the pleadings and findings support the judgment.

2. Where in an action to recover possession of land the complaint does not expressly state that the tract is in the county in which the action is brought, if there is no motion for change of venue to another county the appellate court will presume, in support of the judgment, that the action was instituted in the proper county.

3. In the absence of any showing that a finding as to the location of the land in controversy is incorrect, it should be presumed to be correct, and based on sufficient competent evidence.

4. In an action to recover possession of land, where defendant went into possession under a contract of purchase from plaintiff, which defendant forfeited, plaintiff's prior possession is sufficient to entitle him to recover.

5. Where defendant received possession of land from plaintiff under a contract to purchase, which defendant forfeited, he is estopped from disputing plaintiff's right and title to the land.

6. Where defendant went into possession of land under a contract to purchase, and made improvements thereon, he is not entitled to compensation for such improvements after he forfeits his contract.

Appeal from circuit court, Lawrence county, HON. JOSEPH B. MOORE, Judge.

Action by Timothy D. Coleman against Peter Stalnacke to recover possession of certain realty and the value of its use and occupation. From a judgment for plaintiff, defendant appeals. Affirmed.

*H. E. Dewey,* for appellant.

*McLaughlin & McLaughlin,* for respondent.

CORSON, J. This was an action to recover the possession of a tract of land, damages for its detention, and the value of the use

and occupation of the same. The action was tried by the court without a jury, and findings and judgment being in favor of the plaintiff, the defendant appeals. The appeal being from the judgment alone, the only questions presented are whether or not the pleadings and findings support the judgment.

The appellant assigns as error (1) that the complaint does not state a cause of action, for the reason that there is no allegation that the land in controversy is in Lawrence county, or even in the state of South Dakota, and that the judgment is therefore void for want of jurisdiction in the court; (2) the plaintiff alleges ownership of the land, but the court failed to find that he was such owner; (3) that the court having found the title of the property to be in the United States, and not in the plaintiff, it was error to enter judgment for the plaintiff; (4) that inasmuch as the defendant had entered upon the premises under a contract, had purchased the same, and paid a part of the purchase price, and made improvements upon the property, the court had no right to declare the contract forfeited, and subject defendant to the loss of the amount he had paid under the contract, and the loss of the improvements made on the property. The action was based upon a contract made between the plaintiff Coleman, and the defendant, by which Coleman agreed to sell to the defendant the premises described upon the payment of $600; $100 of it to be paid in September, 1895; $250, September, 1896; $250, September, 1897; making in all $600. It is alleged in the complaint that the defendant had failed and neglected to pay the amount agreed upon, and had only paid $276, the last payment being made in December, 1898; that before the commencement of this action the plaintiff demanded possession of the premises; and that defendant refused to surrender the same. Plaintiff further alleged that he was the owner and entitled to immediate possession of the premises be-

fore described. The defendant, in his answer, denied plaintiff's al-
leged ownership of the land, as follows: "Defendant alleges that
the plaintiff is not, and was not on March 30, 1895, the owner of the
premises described in the complaint, or entitled to the possession of
the same, but that the said premises were on said date unappropriated
public lands of the United States." And the defendant allges that
after making the agreement he made improvements on the property
to the value of several hundred dollars; also that he had been dis-
possessed of a portion of the premises. Upon the trial the court
found the facts substantially as alleged in the complaint, and against
the defendant as to the allegation that he had been dispossessed of
a portion of the premises. The land is described in the complaint as
a part of the Bulldog ranch, lying and adjoining the Burlington &
Missouri River Railroad, containing about 100 acres; being the
same premises occupied by John Loomer in 1894, lying about halfway
between the Bulldog ranch and Dumont. The action was brought
in the circuit court of Lawrence county; and there not having been,
so far as the record discloses, any motion made to change the place
of trial to any other county, this court will presume, in support of
the judgment, that the action was instituted in the proper county,
and the premises were situated in that county. Again, the premises
are described in the judgment as being situated in Lawrence county,
S. D.; and this court will also presume, in support of the judgment,
that the same is correct, and based upon sufficient evidence properly
admitted, in the absence of any showing that the same was not
correct.

The court found that the plaintiff was not owner in fee, but, in
effect, that he was in the actual prior possession thereof at the time
he executed the contract, and was entitled to the possession at the
time the action was commenced. Actual prior possession by a party

is sufficient to entitle him to recover its possession, as against one who shows no title to the property. The finding, therefore, that the premises were a part of the government domain, was entirely immaterial, as that fact did not affect the plaintiff's right to recover upon his prior possession. But there is another and more satisfactory answer to the contention of the appellant. It appears from the pleadings and findings that the defendant, as vendee, entered into possession of the premises in controversy, and held them under a contract of purchase. In such a case the general rule is that the vendee cannot, in an action to recover the possession of the premises, dispute or question the title of the vendor. In other words, he is estopped from denying the title of the vendor. The same rule is applied to this class of cases as that applied to landlord and tenant. Williams v. Wait, 2 S. D. 210, 49 N. W. 209, 39 Am. St. Rep. 768. The question we are now considering was before the supreme court of California in Holden v. Andrews, 38 Cal. 119, cited by appellant in his reply brief. The general rule as above stated was recognized in both the majority and dissenting opinions, but in the majority opinion it was held that there was an exception to the rule where the title of the vendor had terminated, and the vendee had acquired the paramount title to the property, and in such a case the vendee was not estopped from setting up the paramount title vested in him, as against the vendor. CROCKETT, J., dissenting from this view of the majority in an exhaustive opinion, in which SPRAGUE, J., concurred. But, as will be observed from the defendant's answer, he claimed no title in himself, and in no manner connected himself with the government title; nor did he claim in his answer that plaintiff's right to the possession of the property by virtue of prior possession had terminated. The defendant did not, therefore, bring himself within the exception, assuming that the majority of the court was right in their decision in

the case cited, and hence the general rule applies to the defendant in this case.

The court, in its findings, found that the defendant had made certain improvements on the property, but also finds that the value of the use and occupation of the same was $15 per month, and was greater than the value of the improvements and the amount that had been paid on the contract by the defendant. We are of the opinion that the court committed no error in so finding. This court held in Seymour v. Cleveland, 9 S. D. 94, 68 N. W. 171, that a party holding property under a contract for its purchase is not entitled to claim the value of improvements made by him while in possession of the property, as he does not hold under color of title, within the meaning of the statute allowing one who has made improvements upon real property under color of title to recover the value of such improvesment in an action to recover the possession of the property. The court, therefore, in awarding to the defendant the benefit of the improvements and the money paid upon the contract, as against the value of the use and occupation of the property, erred, if error there was, in favor of the defendant. The defendant made no offer to pay the balance due under the contract, or in any manner to comply with its terms. Barnes v. Clement, 12 S. D. 270, 81 N. W. 301. And he was not, therefore, in a position to ask the court to relieve him from fulfilling the terms of his agreement.

The court made findings upon every issue raised by the pleadings, and was clearly right in holding that the plaintiff was entitled to the possession of the premises as against the defendant, and in rendering judgment therefor, and for 'the value of the use and occupation therein specified.

The judgment of the circuit court is affirmed.