BANKWEST, N.A., Plaintiff and Appellee,

v.

Mary GROSECLOSE, Defendant, Third–Party Plaintiff and Appellant,

v.

Sandra GARRETT and Jerome Zebroski, Third–Party Defendants and Appellees,

and

Brad Garrett, Jeff Garrett and Mike Garrett, Defendants.

Mary A. GROSECLOSE, Plaintiff and Appellant,

v.

Sandra GARRETT, Jerome Zebroski, and BankWest, N.A., Defendants and Appellees.

Nos. 18899, 18900.

Supreme Court of South Dakota.

Argued April 26, 1995.

Decided Aug. 2, 1995.

---

James E. Carlon of Carlon Law Office, Pierre, for appellants.

Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, for appellee BankWest.

Thomas M. Maher of Maher and Arendt, Pierre, for appellee Sandra Garrett.

James C. Robbennolt of Olinger, Lovald, Robbennolt & McCahren, Pierre, for appellee Jerome Zebroski.

AMUNDSON, Justice.

Mary Groseclose (Groseclose) appeals summary judgments granted to BankWest, Sandra Garrett (S. Garrett), and Jerome Zebroski (Zebroski) (collectively referred to as Buyers) in actions filed in Sully and Hughes Counties. We agree with the trial court in both cases that no genuine issue of material fact exists and, therefore, Buyers are entitled to judgment as a matter of law. We affirm.

## FACTS

The issues of these consolidated appeals arise out of a contract for deed executed on 1,440 acres of property in Sully County, South Dakota. In 1981, Ward (now deceased) and Mary Groseclose sold the property to Brad, Jeff and Mike Garrett (Garretts). In order to settle other obligations, Garretts assigned their vendee's interest in the property to BankWest. *See Garrett v. BankWest*, 459 N.W.2d 833 (S.D.1990). In turn, BankWest reconveyed a portion of the property, subject to the contract, to S. Garrett and the balance of the property to Zebroski (collectively referred to as Assignees). Under this revised agreement, Assignees were responsible to make their own real estate tax payments while BankWest was obligated to pay the principal and interest.

S. Garrett failed to pay real property taxes due in 1993. Groseclose immediately brought the taxes current and gave notice of default under the contract for deed on February 23, 1994. S. Garrett attempted to tender payment of the taxes to Groseclose the following day, but her attempt to cure the default was refused. The following month, BankWest offered to pay off the outstanding balance of the contract, $53,735.25, but Groseclose again refused.

On March 29, 1994, Groseclose filed an action in Sully County for forcible entry and detainer, pursuant to SDCL ch. 21–16. Groseclose argued that the contract provided the immediate right to repossess the property upon default without bringing a foreclosure action or giving BankWest or Assignees an opportunity to cure the default. On April 27, 1994, pursuant to a hearing on the matter, the trial court granted summary judgment to Buyers. An order for summary judgment was filed on April 28, 1994. Groseclose failed to file a timely notice of appeal. Instead, Groseclose filed a motion to amend the order of summary judgment more than sixty-days after the summary judgment order was filed. On July 27, 1994, the trial court denied Groseclose's motion to amend. On August 29, 1994, Groseclose thereafter filed an appeal from this order denying her motion to amend the summary judgment.

After tendering payment of the contract balance, BankWest demanded a deed to the property. Groseclose refused. BankWest commenced an action for specific performance of the contract in Hughes County, Groseclose's new residence. Groseclose answered and counterclaimed, again seeking repossession of the property and cancellation of the contract as against all Buyers. Buyers alleged that Groseclose's counterclaim was barred by the doctrine of res judicata and filed a motion for summary judgment. At a hearing on July 8, 1994, the trial court[1] agreed, awarding BankWest specific performance of the contract terms, denying Groseclose's claim to repossess the property, and holding Groseclose's claim was barred by res judicata. Groseclose then appealed from this summary judgment. The appeals from Sully and Hughes Counties have been consolidated into this appeal.

## ISSUES

I. DOES A SELLER OF REAL PROPERTY UNDER A CONTRACT FOR DEED HAVE AN

---

1. Judge Anderson presided over both the Sully County action and the Hughes County action.

IMMEDIATE RIGHT OF REPOSSESSION WHERE THE CONTRACT DOES NOT CONTAIN A PROVISION EXPRESSLY PROVIDING BUYERS AN OPPORTUNITY TO CURE DEFAULT?

II. IS GROSECLOSE'S CONTRACT RIGHT OF REPOSSESSION BARRED BY *RES JUDICATA?*

## STANDARD OF REVIEW

The standard of review on a motion for summary judgment is well settled. In reviewing a grant or denial of summary judgment,

> 'we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the non-moving party and reasonable doubts should be resolved against the moving party. The non-moving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.'

*Easson v. Wagner,* 501 N.W.2d 348, 350 (S.D. 1993) (quoting *Waddell v. Dewey County Bank,* 471 N.W.2d 591, 593 (S.D.1991)).

## DECISION

### I. *Proper Jurisdiction.*

■ Before we reach the substantive issues, we must first adequately assess jurisdiction, as BankWest challenges the jurisdiction of this court regarding the Sully County action. With regard to the initial lawsuit in Sully County, Groseclose failed to comply with SDCL 15-26A-6 and timely file an ap-

peal from the summary judgment in favor of Buyers. Missing the deadline for appeal, Groseclose then filed a motion to amend the court's order for summary judgment. The trial court denied that motion. We agree with BankWest that our jurisdiction in the Sully County case is limited to whether the trial court erred in denying Groseclose's motion to amend the summary judgment, and such jurisdiction does not extend to a full review of the merits of that action.

■ The standard of review to amend a judgment under SDCL 15-6-60(b) is one of abuse of discretion. "The decision to grant or deny a Rule 60(b) motion rests within the sound discretion of the trial court and will not be disturbed on appeal except for abuse." *Peterson v. LaCroix,* 420 N.W.2d 18, 19 (S.D. 1988). Groseclose claims the order for summary judgment was ambiguous and failed to state reasons why the claim for forcible entry and detainer was denied. A hearing was held on July 25, 1994, during which the trial court reaffirmed its initial summary judgment ruling and denied Groseclose's motion. The trial court again based its decision on the grounds that the forfeiture clause of the contract for deed was invalid. Contrary to its purported use here, SDCL 15-6-60 is not a mechanism to extend the time limit for appeal. We do not find the trial court abused its discretion; therefore, we affirm its denial of Groseclose's motion to amend the order for summary judgment.

### II. *Repossession Under Contract For Deed.*

■ Under both causes of action, Groseclose alleges a right to invoke a forfeiture clause in a contract for deed to repossess the property without giving BankWest or Assignees a right to cure the default. Groseclose initially sought repossession under SDCL ch. 21–16,[2] Forcible Entry and Detainer, when bringing the action in Sully

---

**2.** SDCL 21–16–1. An action of forcible entry and detainer, or of detainer only, is maintainable:

(1) If a party has by force, intimidation, fraud, or stealth, entered upon the prior actual possession of real property or the occupied structure of another, and detains the same;

(2) If a party, after entering peaceably upon real property or an occupied structure, turns

out by force, threats, or menacing conduct, the party in possession;

(3) If a party by force or by menaces and threats of violence unlawfully holds and keeps the possession of any real property, or occupied structure, whether the same was acquired peaceably or otherwise[.]

County. However, in its order of summary judgment for Buyers, the trial court held that Groseclose improperly brought the action under forcible entry and detainer. *See* SDCL 21–16–4 (no other action can be brought with one for Forcible Entry and Detainer). In its April 27, 1994, ruling from the bench, the judge stated:

This Case does not fit under the forcible entry [and] detainer statutes where it was brought. There's no ... lessor-lessee relationship and there's no force or deception involved.

The forcible entry and detainer statutes involve only the right to possession and there's more involved in this case than just the right to possession of the property.

There's no relationship in this case between the forfeiture clause in the contract and the liquidated damage that might be provable and, therefore, the Court finds that if it were to allow forfeiture of the property and simply repossession that it would work as a forfeiture which is ... something that the law does not want to do.

We agree with the trial court that the heart of this cause of action is an attempt to invoke a forfeiture of the property under the contract for deed. The general rule of this court is that the law abhors a forfeiture. *Ford v. Hofer*, 79 S.D. 257, 261, 111 N.W.2d 214, 216 (1961). "Forfeitures are considered as odious in the law, and are not favored by the courts. Courts of equity will seize upon slight circumstances to relieve a party therefrom." *Id.* (citations omitted).

 Consistent with this notion, SDCL 53–9–4 and –5 reaffirm the law's disdain for forfeitures. SDCL 53–9–4 provides:

Penalties imposed by contract for any nonperformance thereof are void. This section does not void obligations penal in form such as heretofore have been commonly used, but it voids their penal clauses.

SDCL 53–9–5, allows an exception to the general rule against forfeitures only when the contract clearly contains a liquidated damages clause. The language of that section reads:

Every contract in which amount of damage or compensation for breach of an obligation is determined in anticipation thereof is void to that extent except the parties may agree therein upon an amount presumed to be the damage for breach in cases where it would be impracticable or extremely difficult to fix actual damage.

Whether a forfeiture provision is a liquidated damages provision or an unenforceable penalty is a question of law for the court. *Safari, Inc. v. Verdoorn*, 446 N.W.2d 44, 46 (S.D. 1989). The burden of proving that a forfeiture clause is valid as a liquidated damages clause is upon the party relying on the clause. *Hofer v. W.M. Scott Livestock Co.*, 201 N.W.2d 410 (N.D.1972).

 We do not find Groseclose has carried this burden. In *Safari*, we stated that a liquidated damages provision will only be upheld where (1) damages in the event of breach are incapable of accurate estimation at the time the contract was made; (2) there was a reasonable attempt by the parties to fix compensation; and (3) the amount stipulated bears a reasonable relation to probable damages and is not disproportionate to any damages reasonably to be anticipated. *Id.* at 46. In the present case, the contract language is silent with regard to "impracticality" or "difficulty in assessing actual damages." *Id.*; SDCL 53–9–5.

The language of the contract clause at issue provides:

In the case of the failure of the Purchasers to make any of the payments or any part thereof, or to perform any of the covenants on Purchaser's part hereby made and entered into, *then the whole of said payments shall become immediately due and payable*[3] and this contract shall, at the

---

**3.** This emphasized language with the use of the mandatory term "shall," certainly indicates that upon the vendee's default the balance of the amount due and payable under the contract is immediately due. This provision clearly indicates that, even if Groseclose does not demand acceleration, the Buyers are entitled to tender the full balance in satisfaction of the contract. Even under the authority cited by Groseclose, Buyers had the right to prepayment of the contract balance. *See* discussion, infra, p. 865–866.

option of the Sellers, be forfeited and determined, and thereupon, Sellers shall be fully reinvested with all right, title and interest hereby agreed to be conveyed, and Purchasers shall forfeit all payments by Purchasers made on this contract and shall further forfeit all right, title and interest in and to all improvements located thereon, and such payments and improvements shall be retained by Sellers in full satisfaction and in liquidation of all damages by Sellers sustained, and Sellers shall have the right to re-enter and take possession of the premises as aforesaid.

(Emphasis added.) This forfeiture clause is valid only if it meets each of the requirements set forth in *Safari;* clearly it is not a liquidated damages provision (despite the mere use of the word "liquidation"). Indeed, Groseclose did not argue or present any evidence that the forfeiture clause was valid as a liquidated damages provision. If Groseclose chose to pursue a remedy which would allow her to retake possession of the property, she should have foreclosed on the property under SDCL ch. 21–50, yet she chose an alternative route, possibly because foreclosure would insure Buyers a right of redemption. SDCL 21–50–3 (contract purchaser has a right to redeem within minimum ten-day period).

■ Further, the record is undisputed that Groseclose sent notice of default on February 23, 1994. On February 24, 1994, S. Garrett tried to cure the default by tendering a check in the amount of the delinquent taxes to Groseclose, but Groseclose rejected the money. At the time of the breach, approximately $250,000 of the purchase price had been paid over a twelve-year period. BankWest also offered to pay the full-remaining balance of just over $50,000; Groseclose refused. Under such circumstances where the contract has been nearly completed, the mere failure of the buyer to pay an amount on the date due, when coupled with an immediate offer to cure when notified of the default, does not constitute a material breach, and the seller is not entitled to refuse to accept an offer to cure default. *See Barnes v. Clement,* 12 S.D. 270, 274–75, 81 N.W. 301, 302 (1899). *See also Dusek v. Reese,* 80 S.D. 96, 119 N.W.2d 656 (1963) (breach must be material to rescind contract).

■ In essence, Groseclose claims there exists an automatic right to repossess under a forfeiture clause in a contract for deed, and that the buyer is not entitled to an opportunity to cure the default. Groseclose argues South Dakota case law to support this conclusion. *Middleton v. Klingler,* 410 N.W.2d 184 (S.D.1987) (rights of parties on default of contract for deed not limited by reservation of remedy); *Sweet v. Purinton,* 40 S.D. 17, 166 N.W. 161 (1918) (*overruled on other grounds, First Federal Sav. & Loan Ass'n v. Wick,* 322 N.W.2d 860, 862 (S.D.1982) (judgment terminating defaulting vendee's interest in land must include time period in which to cure default); *Coleman v. Stalnacke,* 15 S.D. 242, 88 N.W. 107 (1901) (defaulting vendee entitled to amount by which value of improvements exceeds value of use and occupation, but not entitled to possession of property where vendee did not offer to pay balance of contract); *Barnes,* 12 S.D. 270, 81 N.W. 301 (where vendor rejected defaulting vendee's offer to pay balance of contract, vendor not entitled to invoke forfeiture provision; vendor entitled only to difference between rental value and vendee's improvements to land). Although it is true that these cases provide a seller of land the opportunity to repossess the property as one of the available remedies, they do not establish a right to automatic repossession while denying the defaulting purchaser an opportunity to cure the breach. In fact, each case is distinguishable from the facts here because they reiterate the necessity of allowing the defaulting party an opportunity to ameliorate the default and reaffirm the contract. "It is a standing rule that a forfeiture shall not bind, when a thing may be done afterwards, or any compensation may be made. Forfeitures have always been considered as odious in the law[.]" *Barnes,* 12 S.D. at 277, 81 N.W. at 303. Therefore, in order to elect repossession as the remedy of choice under a contract for deed, the forfeiture clause, in and of itself, must be valid, and the defaulting party must be allowed an opportunity to cure the default.

■ We agree with the trial court that it would be "unconscionable" to allow repossession of this property without allowing an opportunity to cure the breach where the bulk of the contract price has been paid. The parties have the option to limit available remedies in their contract; however, those

choices cannot lead to automatic forfeiture without any avenue to cure the default. Because the contract provided no means of curing the default, and the liquidated damages clause was not valid, we agree with the trial court that Buyers were entitled to relief. We affirm the trial court's grant of specific performance of the contract to Buyers.

We have considered the other issue raised by Groseclose and, in light of our decision as set forth above, find it to be without merit. We affirm in all respects.

SABERS, KONENKAMP and GILBERTSON, JJ., and RONALD K. MILLER, Circuit Judge, concur.

RONALD K. MILLER, Circuit Judge, sitting for ROBERT A. MILLER, Chief Justice, disqualified.