#26373, #26374-a-GAS
**2014 S.D. 9**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

(#26373)

L&L PARTNERSHIP a/k/a LUTZ
AND LAIDLAW PARTNERSHIP a/k/a
LUTZ-LAIDLAW PARTNERSHIP,
MARVIN LUTZ, GENERAL PARTNER,                    Plaintiffs,

    v.

ROCK CREEK FARMS,                    Defendant and Appellant,

    and

MICHAEL ARNOLDY; ANN ARNOLDY,                    Defendants and Appellees,

    and

DAVID M. FINNEMAN; CONNIE S. FINNEMAN;
TOM J. WIPF; JOHNNY JAY WIPF d/b/a WIPF
FARMS; JOANN WIPF; RABO AGRIFINANCE, INC.
f/k/a AG SERVICES OF AMERICA, INC. and RABO
AGSERVICES, INC.; SHEEHAN MACK SALES AND
EQUIPMENT, INC.; FARM CAPITAL COMPANY,
LLC., DANIEL R. MAHONEY; PORTFOLIO RECOVERY
ASSOCIATES, PRA III LLC; PFISTER HYBRID
CORN CO.; KAUP SEED & FERTILIZER, INC.;
JOYCE M. WOLKEN; CHARLES W. WOLKEN;
STAN ANDERSON; DENNIS ANDERSON; KENT
KJERSTAD; U.S. BANCORP EQUIPMENT
FINANCE, INC.; KENCO INC. d/b/a WARNE
CHEMICAL & EQUIPMENT COMPANY; DOUG
KROEPLIN AG SERVICES, INC.; CREDICO, INC. d/b/a
CREDIT COLLECTIONS BUREAU; SCOT D.
EISENBRAUN; MELODY EISENBRAUN; BART
CHENEY; HAL OBERLANDER; KEI OBERLANDER;
RAY S. OLSEN; PATRICK X. TRASK; ROSE MARY
TRASK; PENNINGTON COUNTY, SOUTH DAKOTA;
MEADE COUNTY, SOUTH DAKOTA; and THE
UNITED STATES OF AMERICA,

                                           Defendants.

ARGUED JANUARY 14, 2014
OPINION FILED **02/19/14**

L&L PARTNERSHIP a/k/a LUTZ AND
LAIDLAW PARTNERSHIP a/k/a
LUTZ-LAIDLAW PARTNERSHIP,
MARVIN LUTZ, GENERAL PARTNER,                    Plaintiffs,

     v.

DAVID M. FINNEMAN and
CONNIE S. FINNEMAN,                    Defendants and Appellants,

     and

MICHAEL ARNOLDY; ANN ARNOLDY,                    Defendants and Appellees,

     and

ROCK CREEK FARMS, SUCCESSORS IN INTEREST
TO DAVID M. FINNEMAN AND CONNIE S.
FINNEMAN; TOM J. WIPF; JOHNNY JAY
WIPF d/b/a WIPF FARMS; JOANN WIPF; RABO
AGRIFINANCE, INC. f/k/a AG SERVICES OF
AMERICA, INC. and RABO AGSERVICES, INC.;
SHEEHAN MACK SALES AND EQUIPMENT, INC.;
FARM CAPITAL COMPANY, LLC., DANIEL R. MAHONEY;
PORTFOLIO RECOVERY ASSOCIATES, PRA III
LLC; PFISTER HYBRID CORN CO.; KAUP SEED &
FERTILIZER, INC.; JOYCE M. WOLKEN; CHARLES
W. WOLKEN; STAN ANDERSON; DENNIS ANDERSON;
KENT KJERSTAD; U.S. BANCORP EQUIPMENT
FINANCE, INC.; KENCO INC. d/b/a WARNE
CHEMICAL & EQUIPMENT COMPANY; DOUG
KROEPLIN AG SERVICES, INC.; CREDICO, INC.
d/b/a CREDIT COLLECTIONS BUREAU; SCOT D.
EISENBRAUN; MELODY EISENBRAUN; BART
CHENEY; HAL OBERLANDER; KEI OBERLANDER;
RAY S. OLSEN; PATRICK X. TRASK; ROSE MARY
TRASK; PENNINGTON COUNTY, SOUTH DAKOTA;
MEADE COUNTY, SOUTH DAKOTA; and THE
UNITED STATES OF AMERICA,                    Defendants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

(#26373, #26374)

THE HONORABLE JAMES W. ANDERSON
Retired Judge

* * * *

(#26373)

STEVEN W. SANFORD
Cadwell, Sanford, Deibert & Garry, LLP
Sioux Falls, South Dakota

and

BRIAN UTZMAN
Smoot & Utzman, PC
Rapid City, South Dakota

Attorneys for defendant
and appellant.

ROBERT R. SCHAUB
Sundall, Schaub & Fox, PC
Chamberlain, South Dakota

and

VINCE M. ROCHE
Davenport, Evans, Hurwitz & Smith, LLP
Sioux Falls, South Dakota

Attorneys for defendants
and appellees.

(#26374)

JAMES P. HURLEY
Bangs, McCullen, Butler, Foye
    & Simmons, LLP
Rapid City, South Dakota

Attorneys for defendants
and appellants.

ROBERT R. SCHAUB
Sundall, Schaub & Fox, PC
Chamberlain, South Dakota

and

VINCE M. ROCHE
ELIZABETH S. HERTZ
Davenport, Evans, Hurwitz & Smith, LLP
Sioux Falls, South Dakota

Attorneys for defendants
and appellees.

#26373, #26374

SEVERSON, Justice

[¶1.]    David and Connie Finneman (Finnemans) (Appeal No. 26374) and Rock Creek Farms Partnership (RCF) (Appeal No. 26373), collectively referred to as Appellants, appeal the circuit court's decision granting Ann Arnoldy (Arnoldy) equitable ownership of the real estate outlined in two contracts for deed. We affirm.[1]

## Background

[¶2.]    This appeal is part of a continuing dispute between Appellants and Arnoldy concerning the ownership of 16,700 acres of farmland in Pennington and Meade Counties.[2] The Finnemans owned 16,700 acres of land. Of those acres, 7,500 were owned in fee simple and 9,200 were purchased via contract for deed from L&L Partnership (L&L). The first contract for deed, dated April 29, 1996, was for 6,950 acres; the second, dated October 13, 1999, was for 2,250 acres. Finnemans encumbered their interest in all the land except 200 acres of the contracts for deed property with two mortgages, one to Rabo Agrifinance, Inc. (Rabo), and an inferior mortgage to FarmPro Services, Inc. (FarmPro). In May 2007, Finnemans used a quit claim deed to transfer their interests in all the property to RCF, which included

---

1.    Because Appellants' interests are aligned in Appeal No. 26373 and Appeal No. 26374, we combine our analysis of the issues presented in both appeals into a single, written opinion.

2.    For clarity, all references to the number of acres throughout the opinion are approximations.

-1-

Finnemans and other outside investors as partners.[3] While L&L's foreclosure on the contracts for deed is the subject of this appeal, the two mortgages of Rabo and FarmPro have been the subject of four previous appeals to this Court.[4]

[¶3.] FarmPro foreclosed on its mortgage in 2000 and received a final judgment in 2003.[5] A sheriff's sale was held in 2006. In 2007, Michael Arnoldy and Ann Arnoldy, brother and sister, purchased a number of judgments and redeemed the land as creditors. A Finneman associate, Daniel Mahoney, redeemed the land from Michael Arnoldy under two judgments the Arnoldys believed were fraudulent. Ann Arnoldy then redeemed from Mahoney. RCF and Finnemans then purported to exercise the owner's right of redemption. In October 2008, Arnoldys filed a declaratory judgment action based on the alleged fraud surrounding the Mahoney redemption. The circuit court granted summary judgment in favor of Arnoldys in January 2010. RCF and Finnemans appealed to this Court in *Arnoldy I*, 2010 S.D. 89, 791 N.W.2d 645.

[¶4.] While *Arnoldy I* was pending in circuit court, Rabo foreclosed on its mortgage in July 2009. In its pleadings, Rabo asserted that Finnemans had waived

---

3. In May 2010, a Statement of Dissociation was filed with the South Dakota Secretary of State that stated Finnemans were no longer partners in RCF.

4. *Arnoldy v. Mahoney* (*Arnoldy I*), 2010 S.D. 89, 791 N.W.2d 645; *Rabo Agrifinance, Inc. v. Rock Creek Farms* (*Rabo I*), 2012 S.D. 20, 813 N.W.2d 122; *Rabo Agrifinance, Inc. v. Rock Creek Farms* (*Rabo II*), 2013 S.D. 64, 836 N.W.2d 631; *Arnoldy v. Finneman* (*Arnoldy II*), Appeal #26031 (unpublished/dismissed by *Rabo II*, 2013 S.D. 64, ¶ 29 n.8, 836 N.W.2d at 641, n.8).

5. For a full recitation of the facts of this case see *Arnoldy v. Mahoney*, 2010 S.D. 89, 791 N.W.2d 645 (*Arnoldy I*).

the owner's right of redemption in a previous modification to the loan. Rabo moved for judgment on the pleadings, which Judge Delaney granted. While Judge Delaney's January 15, 2010 order stated that Rabo's motion for judgment on the pleadings would be granted in all respects, the corresponding judgment added a clause not alleged in the pleadings stating that RCF had the owner's right of redemption.

[¶5.] On December 1, 2010, in *Arnoldy I*, we reversed the circuit court's grant of summary judgment because the circuit court erred in handling the in camera review of Defendant's client files and genuine issues of material fact precluded summary judgment on Arnoldy's claims of delay, fraud, deceit, and whether Defendants complied with the confession of judgment statute. 2010 S.D. 89, ¶¶ 31-48, 791 N.W.2d at 656-61. The case was reassigned to Judge Anderson. After the remand of *Arnoldy I*, RCF and Finnemans moved for summary judgment, arguing that the language used in Judge Delaney's January 15, 2010 order granting RCF the owner's right of redemption in the Rabo foreclosure was res judicata in *Arnoldy I*. Judge Anderson agreed and granted RCF and Finnemans summary judgment in April 2011. Arnoldy appealed that judgment to this Court in *Arnoldy II*.

[¶6.] At approximately the same time that Arnoldy filed her appeal in *Arnoldy II*, she also moved the Rabo foreclosure court, pursuant to SDCL 15-6-60(b) (Rule 60(b)), to set aside the January 15, 2010 order granting RCF the owner's right of redemption. The circuit court agreed and Judge Delaney in his May 26, 2011 order granted Arnoldy's Rule 60(b) motion, partially vacated the January 15, 2010

order that granted RCF the owner's right of redemption, and granted the right of redemption to Arnoldy. Arnoldy received a sheriff's deed to the property covered by the Rabo mortgage, including all but 200 acres of the contracts for deed land, on June 2, 2011. RCF and Finnemans appealed Judge Delaney's May 26, 2011 order to this Court in *Rabo I*, 2012 S.D. 20, 813 N.W.2d 122.

[¶7.] In March 2010, while the appeal of *Arnoldy I* was pending and prior to Arnoldy's Rule 60(b) motion in the Rabo foreclosure to set aside the January 15, 2010 order, L&L commenced its foreclosure proceedings on the contracts for deed. The case went to trial in July 2011, after *Arnoldy I* had been decided and while the appeal of *Rabo I* was pending. At the conclusion of the trial, the circuit court made findings on the amount L&L was owed under the contracts for deed and delayed the ruling on who had the right to cure the contracts for deed default until after *Rabo I* was decided. In *Rabo I*, we dismissed the appeal for failure to serve notice of appeal on the United States as a party defendant. *Rabo I*, 2012 S.D. 20, ¶¶ 6-20, 813 N.W.2d at 125-30.

[¶8.] In response to our dismissal of the claims in *Rabo I*, RCF and Finnemans filed Rule 60(b) motions in attempt to again address the issues originally raised in *Rabo I*. The motions were denied and RCF and Finnemans appealed. Our decision in *Rabo II* affirmed the circuit court's denial of the Rule 60(b) motions. *Rabo II*, 2013 S.D. 64, ¶ 29, 836 N.W.2d 631, 641. As a result of our decision in *Rabo II*, Judge Delaney's May 26, 2011 order granting Arnoldy the right of redemption to the mortgaged property remained in effect, and *Arnoldy II* was dismissed. *Id.* n.8.

[¶9.]     Shortly after *Rabo I* was decided, the circuit court ruled on the L&L foreclosure granting Arnoldy equitable ownership of the real estate described in the contracts for deed and the right to cure the contracts for deed default under SDCL 21-50-3. The circuit court also substituted Arnoldy for RCF in the litigation. RCF and Finnemans now appeal to this Court raising three issues:

> 1.    Whether the circuit court erred in granting Arnoldy equitable ownership of the real estate in the contracts for deed and the right to cure the contracts for deed default under SDCL 21-50-3.
>
> 2.    Whether the circuit court erred in denying Appellants' motion to vacate the sheriff's deed.
>
> 3.    Whether the circuit court erred in substituting Arnoldy for Rock Creek Farms.

*Standard of Review*

[¶10.]     We review conclusions of law de novo. *Eagle Ridge Estates Homeowners Ass'n, Inc. v. Anderson*, 2013 S.D. 21, ¶ 13, 827 N.W.2d 859, 864. A circuit court's decision to substitute parties is reviewed for abuse of discretion. SDCL 15-6-25(c) ("In case of any transfer of interest, the action *may* be continued by or against the original party . . . ." (emphasis added)); *Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2 A.3d 289, 297 (Me. 2010); *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995). "An abuse of discretion is a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Roth v. Haag*, 2013 S.D. 48, ¶ 11, 834 N.W.2d 337, 340 (citations omitted).

*Analysis*

[¶11.]    1.    *Whether the circuit court erred in granting Arnoldy equitable ownership of the real estate in the contracts for deed and the right to cure the contracts for deed default under SDCL 21-50-3.*

[¶12.]    As a result of Judge Delaney's May 26, 2011 order and our decisions in *Rabo I* and *Rabo II*, Arnoldy was granted the owner's right of redemption to all the property subject to the Rabo mortgage, which included the contracts for deed land. Prior to this appeal, Arnoldy redeemed all the mortgaged property and received the sheriff's deed to the same. Appellants concede that Arnoldy is the owner of the 7,500 acres not covered by the contracts for deed, but argue that only Finnemans, as original vendee to the contracts for deed, and their assignee RCF, have the right to cure the default and comply with the terms of the contracts for deed.[6] We disagree.

[¶13.]    "In a contract for deed, the installment vendor maintains 'legal title to the property while the vendee holds equitable title and has the right to use and possession of the property.'" *Anderson v. Aesoph*, 2005 S.D. 56, ¶ 21, 697 N.W.2d 25, 31 (quoting *First Fed. Sav. & Loan Ass'n of Storm Lake v. Lovett*, 318 N.W.2d 133, 135 (S.D. 1982)). The equitable title held by the contract vendee is transferrable by operation of law or by an instrument in writing. *Id.*; SDCL 43-25-1. Further, "[a]ny interest in real property which is capable of being transferred

---

6.    In *Anderson v. Aesoph*, 2005 S.D. 56, 697 N.W.2d 25, and *BankWest, N.A. v. Groseclose*, 535 N.W.2d 860 (S.D. 1995), we referred to the statutory right to comply with the terms of the contract for deed upon default as a right to redeem. We retract that terminology in this opinion to better align our writing with SDCL 21-50-3 and differentiate a contract vendee's right to cure the default from other statutory redemption rights in our code.

may be mortgaged." SDCL 44-8-1.1. Once mortgaged and after foreclosure, redemption, lapse of all other redemption rights, and issuance of the sheriff's deed, the purchaser at the foreclosure sale becomes the owner of any rights held by mortgagor or the mortgagor's assignees. SDCL 21-47-24 ("At the expiration of the time for the redemption of such mortgaged premises, if the same is not redeemed, the person . . . making the sale . . . must make to the purchaser . . . a deed . . . to such premises which shall vest in the purchaser . . . the same estate that was vested in the mortgagor at the time of the execution and delivery of the mortgage . . . ; and such deed shall be as valid as if executed by the mortgagor and mortgagee, and shall be a complete bar against each of them . . . ."); *Farr v. Semmler*, 24 S.D. 290, 123 N.W. 835, 837 (1909) (stating that actual title to foreclosed property does not transfer to the purchaser until the sheriff's deed is issued); *Norman v. Dougan*, 208 N.W. 366, 368 (Iowa 1926) (citations omitted) ("[A] sheriff's deed gives to the grantee all rights which the judgment debtor had in the premises. The deed is a statutory conveyance of title, and the grantee takes the same title as though he were a purchaser at the same date from the judgment debtor himself.")

[¶14.]     Appellants agree equitable title can be mortgaged, but argue that the right to cure a contract for deed default held under equitable title cannot be mortgaged nor involuntary transferred. Appellants cite to SDCL 21-50-3, which reads in relevant part, "the court shall have power to and by its judgment shall fix the time within which the *party or parties in default* must comply with the terms of [the] contract[.]" (Emphasis added.) Appellants reason that the "party or parties in default" language of the statute affords only the original contract vendee or any

-7-

voluntary transferee, as parties to the contract, the right to cure a contract for deed default.

[¶15.] We are not persuaded that the cure rights afforded by SDCL 21-50-3 and held under equitable title cannot be mortgaged and involuntarily transferred. Under our case law, when a party transfers its equitable title, the right to comply with the terms of the contract upon default is transferred with it. *Aesoph*, 2005 S.D. 56, ¶ 25, 697 N.W.2d at 33 ("[Assignor] effected a valid assignment to [assignee] of *all* his interests and rights under the contract for deed, including the right to redeem the contract upon default."). This applies to both voluntary and involuntary transfers because in both instances the transferee becomes the contract vendee. The contract vendee, as the party to the contract, is given the right to cure the contract upon default. SDCL 21-50-3.

[¶16.] In the instant case, Appellants had an equitable interest in 9,200 acres of land under the 1996 and 1999 contracts for deed and a legal interest in the other 7,500 acres of land. Appellants mortgaged their interest in 16,500 of the 16,700 acres to Rabo. Rabo subsequently foreclosed on all 16,500 acres under SDCL chapter 21-47. Arnoldy then redeemed the mortgaged property pursuant to SDCL chapter 21-52. As a result of the Rabo foreclosure, Arnoldy's redemption, lapse of all other statutory redemption rights, Arnoldy's receipt of the sheriff's deed to the 16,500 acres, and our decisions in *Rabo I* and *Rabo II*, Appellants' legal title of the 7,500 acres and equitable title of the 9,000 acres were transferred to Arnoldy. Appellants lost all of their equitable rights in the Rabo foreclosure and are no longer the "party in default" as contemplated by SDCL 21-50-3. Although subject to

the conditions of the contracts for deed, Arnoldy now possesses, by operation of law, equitable title of the real estate in the contracts for deed, which includes the right to use and possession of the land, and by implication, the right to transfer the property and any right to comply with the terms of the contract upon default. *Aesoph*, 2005 S.D. 56, ¶ 23, 697 N.W.2d at 32; SDCL 21-50-3.

[¶17.]    If we adopted Appellants' interpretation of SDCL 21-50-3, contract vendees could escape liability on all liens attached to their equitable title. In a mortgage foreclosure action, redemption by the mortgagor extinguishes the foreclosing mortgage but "leaves the property subject to junior liens." *Rist v. Andersen*, 70 S.D. 579, 19 N.W.2d 833, 835 (1945). If the mortgagor does not redeem, a sheriff's deed resulting from the foreclosure sale conveys a title free and clear of junior liens. *Kruse v. State*, 73 S.D. 49, 38 N.W. 2d 925, 928 (1949) (citation omitted). Applying Appellants' theory in the instant case leaves us with an untenable result. First, RCF mortgages its equitable title to Rabo. Upon default, Rabo forecloses on the equitable title. After the foreclosure sale, Rabo's interest is satisfied and all junior lien creditors are extinguished. Then, at *any* time after the foreclosure proceedings are complete, RCF cures the contract for deed default and becomes the owner of the property in fee, effectively extinguishing Rabo's lien and all junior liens that were attached to the equitable title. This interpretation of the statute has no basis in law or equity. Therefore, when Appellants were unsuccessful in redeeming their equitable title in the Rabo foreclosure, their equitable ownership of the property and all the rights under the contract for deed, including the right to cure any default, were transferred to Arnoldy.

[¶18.]     2.     *Whether the circuit court erred in denying Appellants' motion to vacate the sheriff's deed.*

[¶19.]     Appellants argue that the June 2, 2011 sheriff's deed issued to Arnoldy as a result of her redemption in the Rabo foreclosure "violated the basic requirements of due process" because it was a "secret deed . . . prepared, signed, and filed without any prior notice and opportunity to be heard." We disagree. Appellants' argument incorrectly aligns the deprivation of property with the issuance of the sheriff's deed rather than the May 26, 2011 order that granted Arnoldy the owner's right of redemption. The issuance of a sheriff's deed is a ministerial act required to complete a transfer of title. SDCL 21-47-24 (providing that "the person . . . making the sale . . . *must* make to the purchaser . . . a deed . . ." (emphasis added)); *State v. Herman*, 161 N.W. 1017, 1019 (N.D. 1917) ("This interest passed completely to the purchaser at the execution sale, and the only thing that remained to be done was the ministerial act on the part of the sheriff of executing the formal instrument of transfer."). Arnoldy's receipt of the sheriff's deed was the required ministerial act of completing transfer resulting from the May 26, 2011 order. Further, there is no statutory mandate requiring a hearing or judicial approval before the issuance of a sheriff's deed. Accordingly, any violation Appellants advance must be in reference to the May 26, 2011 order. Appellants cite no facts regarding lack of notice or opportunity to be heard prior to the order. Appellants received ample notice and opportunity to make arguments at various motion hearings prior to the order and therefore, were provided adequate due process.

[¶20.]    3.    *Whether the circuit court erred in substituting Arnoldy for Rock Creek Farms*

[¶21.]    The circuit court concluded that "Ann Arnoldy is substituted for the defendants, Rock Creek Farms Partnership, whose interest in the land has been extinguished by virtue of the issuance of the sheriff's deed and the decision of [*Rabo I*]."[7]  Procedural error only necessitates reversal when it has an effect on the final result and adversely affects the rights of the party assigning the error.  *Tri-State Co. of Minn. v. Bollinger*, 476 N.W.2d 697, 700 (S.D. 1991); *K&E Land and Cattle, Inc. v. Mayer*, 330 N.W.2d 529, 533 (S.D. 1983).

[¶22.]    Appellants first argue SDCL 15-6-25(c) (Rule 25(c)) is inapplicable because Arnoldy's sheriff's deed is invalid and RCF did not transfer its right to cure the contracts for deed.  For the reasons already stated, we disagree.  Appellants further argue that the circuit court altered their substantive rights and committed reversible error when, without noticed hearing, it substituted RCF even though Arnoldy moved to be substituted for CLW, Rabo's successor in interest.  Because the substitution did not alter Appellants' substantive rights, we disagree.[8]

---

7.    SDCL 15-6-25(c) (Rule 25(c)) reads in relevant part, "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

    Arnoldy was only substituted for RCF.  Finnemans retained interest in the litigation as holders of the right to cure the default to the 200 acres not mortgaged to Rabo.

8.    Whether Arnoldy made an adequate request for relief in her motion to substitute parties and properly served Appellants is not dispositive of the outcome of this issue and therefore, we decline to address it.

[¶23.] Under Rule 25(c), a transferee may be substituted for the original party, or "the case may be continued against the original defendant and the judgment will be binding" on the transferee even if the transferee is not named in the lawsuit. *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3rd Cir. 1993) (citation omitted); SDCL 15-6-25(c). As a result, substitution "does not ordinarily alter the substantive rights of parties[.]" *Id.* Rather, substitution is "a procedural device designed to facilitate the conduct of a case . . . ." *Id.* at 71-72.; *ELCA Enters.*, 53 F.3d at 191 ("The rule is designed to allow an action to continue unabated when an interest in a lawsuit suit changes hands, rather than requiring initiation of an entirely new lawsuit." (internal quotations and citation omitted)).

[¶24.] Here, the circuit court's substitution of Arnoldy for RCF did not alter RCF's substantive rights in the litigation. Rather, the substantive rights were altered as a result of the circuit court's ruling that Arnoldy has equitable ownership of the real estate in the contracts for deed. Aside from its right to appeal the circuit court's decision, RCF no longer has any substantive rights in future litigation because it no longer holds any property interest. In its discretion, the circuit court used substitution as a procedural device for the purpose of facilitating the litigation. Our affirmance of the circuit court's legal conclusions regarding who possesses equitable title of the real estate in the contracts for deed forecloses any substantive rights RCF has in future litigation and therefore, any procedural error RCF advances is harmless. If the circuit court declined to substitute Arnoldy for RCF, the outcome of this case remains the same: RCF appeals, we affirm the circuit court's ruling, RCF is stripped of its future litigation rights concerning their

ownership interest of the real estate in the contracts for deed, and our decision is binding on Arnoldy as transferee of RCF's contract vendee rights. Therefore, the circuit court did not err in substituting Arnoldy for RCF.

[¶25.]     Affirmed.

[¶26.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and WILBUR, Justices, concur.