# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3452
_____

David M. Finneman, husband; Connie S. Finneman, wife

*Plaintiffs - Appellants*

v.

Walter Robert Laidlaw, husband; Frances Evon Laidlaw, wife

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: November 15, 2022
Filed: January 10, 2023
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

BENTON, Circuit Judge.

David M. Finneman and Connie S. Finneman made contracts for deed for two properties of farmland in South Dakota with L & L Partnership, owned in part by Walter R. Laidlaw and Frances E. Laidlaw. After several foreclosure proceedings and state court cases, the Finnemans lost all interest in the properties. Years later, the Finnemans sued the Laidlaws for fraud, conversion, and breach of contract. The

district court[1] dismissed their claims for lack of standing, res judicata preclusion, and failure to plead fraud with particularity. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

The Finnemans made contracts for deed with L & L Partnership for two properties in South Dakota. The Finnemans mortgaged their interest in the properties to Rabo Agrifinance, Inc. and FarmPro Services, Inc. A decade later, they made a quitclaim deed, transferring their interest in the properties to Rock Creek Farms, which later stated that the Finnemans were no longer RCF partners in a statement of dissociation with the South Dakota Secretary of State.

In foreclosure, Ann Arnoldy and Michael Arnoldy purchased judgments against the Finnemans and redeemed the contracts for deed for the properties. State court litigation ended in four separate South Dakota Supreme Court judgments against the Finnemans, holding that all rights at law and equity in the properties had transferred to the Arnoldys. *See **Rabo Agrifinance, Inc. v. Rock Creek Farms***, 813 N.W.2d 122, 130 (S.D. 2012); ***Rabo Agrifinance, Inc. v. Rock Creek Farms***, 836 N.W.2d 631, 640-41 (S.D. 2013); ***L & L P'ship v. Rock Creek Farms***, 843 N.W.2d 697, 704 (S.D. 2014); ***FarmPro Servs., Inc. v. Finneman***, 887 N.W.2d 72, 75 (S.D. 2016).

Despite all this, the Finnemans sued the Laidlaws for fraud, conversion, and breach of contract. The district court dismissed, holding (i) the Finnemans lack Article III standing, (ii) the doctrine of res judicata precludes their claims, and (iii) they failed to plead fraud with particularity. The Finnemans appeal. This court "review[s] *de novo* the district court's grant of a motion to dismiss." ***Quintero Cmty. Ass'n Inc. v. FDIC***, 792 F.3d 1002, 1008 (8th Cir. 2015).

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the Western District of South Dakota.

II.

The Finnemans argue that the district court erred in finding that they lacked Article III standing.

"At all stages of litigation, a plaintiff must maintain a personal interest in the dispute. The doctrine of standing generally assesses whether that interest exists at the outset." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). *See also PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008) ("Federal district courts sitting in diversity, as the district court in this case, must apply the forum state's substantive law."); *Westborough Mall, Inc. v. City of Cape Girardeau*, 693 F.2d 733, 747 (8th Cir. 1982) (diversity case evaluating standing under Missouri law); *Black Bear v. Mid-Central Educ. Coop.*, 941 N.W.2d 207, 212-13 (S.D. 2020) (stating an almost identical test for standing in South Dakota).

The Finnemans do not have standing because they have not suffered an injury in fact that would likely be redressed by judicial relief. The South Dakota Supreme Court held that "[the Finnemans'] equitable ownership of the property and all rights under the contract for deed, including the right to cure any default, were transferred to Arnoldy[s]." *L & L P'ship*, 843 N.W.2d at 704. The Arnoldys cured the contract-for-deed default when the deed was issued to them by L & L Partnership in 2014. "Once mortgaged and after foreclosure, redemption, lapse of all other redemption rights, and issuance of the sheriff's deed, the purchaser at the foreclosure sale becomes the owner of any rights held by mortgagor or the mortgagor's assignees." *Id.* at 702. The Finnemans have no legal or equitable rights in the properties. *See FarmPro Servs.*, 887 N.W.2d at 75 (The Arnoldys "held both equitable ownership of the contract for deed property and the right to cure the default under the contracts.

The L & L court's decision was affirmed on appeal [*L & L P'ship*, 843 N.W.2d 697], and [the Arnoldys] became the record title owner[s] of all the property at issue.").

Because the Finnemans have no interest in the properties, they cannot show they suffered an injury in fact that would likely be redressed by judicial relief and have no standing to pursue the claim. *See **TransUnion***, 141 S. Ct. at 2203. The district court properly granted the Laidlaws' motion to dismiss for lack of standing.[2]

\* \* \* \* \* \* \*

The judgment is affirmed.

KELLY, Circuit Judge, concurring.

In my view, plaintiffs meet the minimal requirements for standing. I would affirm based on the district court's alternative holding: that dismissal was proper because the Finnemans' claims either were barred by res judicata or failed to comply with Federal Rule of Civil Procedure 9(b)'s particularity requirement. On this basis, I concur in the court's judgment.

_____

[2]This court, therefore, cannot consider the issues of res judicata and fraud pleading. Without standing, "this court does not have jurisdiction to decide any other issues raised on appeal." ***Starr v. Mandanici***, 152 F.3d 741, 747 (8th Cir. 1998), *citing **Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83, 94 (1998). *See also **City of Clarkson Valley v. Mineta***, 495 F.3d 567, 569 (8th Cir. 2007) ("[S]tanding is a jurisdictional prerequisite" and "a threshold inquiry that eschews evaluation on the merits."). "Without jurisdiction, which is clearly absent here, this court 'cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases [or fails to exist in the first instance], the only function remaining to the court is that of announcing the fact and dismissing the cause.'" ***Starr***, 152 F.3d at 752 (Beam, J., concurring) (alteration in original), *quoting **Steel Co.***, 522 U.S. at 94.